HAMILTON, Respondent, v. SCULL'S ADMINISTRATOR, Appellant.

1. It is a good defence to an action on a promissory note that it was given to the plaintiff in furtherance of an attempt on his part to defraud his creditors.
2. The fact that depositions offered in evidence may contain incompetent and illegal evidence will not justify the rejection of them altogether. The court should point out and exclude the inadmissible portions.

*Appeal from St. Louis Circuit Court.*

This was a suit to establish against the estate of Joseph P. Scull, deceased, a demand of $1124.06, being the balance alleged to be due upon a promissory note for $7097.25, executed by said Scull. At the trial in the Circuit Court the plaintiff proved the execution of the note. The defendant then offered in evidence the depositions of Sterling H. Tucker and James Scull, tending to prove that the consideration of the note was fraudulent in this, that Hamilton, the payee, had made a fraudulent sale of a stock of goods to Joseph P. Scull, to hinder, delay and defraud his (Hamilton's) creditors, and that Scull had executed and delivered said note to Hamilton for the purchase money. The court, on motion of plaintiff, excluded the depositions.

*Garesché* (defendant) and *Buckner*, for appellant.

I. The maxim " *in pari delicto potior est conditio defendentis*" applies to this case. It may be well held that the defendant would not be permitted to show, as a substantial ground of defence, that the note was made to delay and defraud creditors, on the well known maxim " *nemo allegans suam turpitudinem audiendus sit;*" but want of consideration is shown, and it is the plaintiff who seeks to rebut this defence by insisting that the depositions tend to show that the notes were executed by him to defraud his creditors. The nature of this transaction is necessarily brought out in the attempt to prove want of consideration, a legitimate defence, and if incidentally the character of the transaction is also

shown, the plaintiff should not be allowed to benefit by it upon the rule " *in pari delicto potior est conditio defenden-tis.*" (See Wearse v. Pierce, 24 Pick. 141, and cases cited.)

*L. K. Kinsey*, for respondent, cited Brown's Adm'r v. Finley, 18 Mo. 375.

SCOTT, Judge, delivered the opinion of the court.

This was a suit begun in the Probate Court of St. Louis county for the purpose of establishing a demand against decedant's estate—being a balance on a note executed by the intestate to the plaintiff. Garesché, the defendant, offered evidence tending to show that the note had its origin in a fraudulent combination between the parties for the purpose of defrauding the creditors of plaintiff. This evidence was rejected and the defendant excepted.

There is no doubt of the correctness of the principle asserted in the case of Brown's Adm'r v. Finley, 18 Mo. 375, that one who has made a fraudulent conveyance of his property can not, by alleging his own turpitude, be permitted to set aside his conveyance, and regain the possession of property which he has fraudulently aliened. To do this would be encouraging fraud, for thereby a party would be induced to make fraudulent alienations without any concern for the consequences, confiding in the privilege the law would confer of setting them aside afterwards, if they did not answer the ends proposed by them. In such cases the maxim applies, " *nemo allegans suam turpitudinem est audiendus.*" Having fraudulently passed away his property, the act is consummated—the deed is done ; and the law will not relieve him from a situation in which he has been placed by his own fraud. But the case under consideration is different from that stated above. Here the act is not consummated. This is but a promise, and the law allows the turpitude of the transaction to be shown with the same view as in the preceding case, to take away inducements to fraudulent conduct. What would give greater encouragement to fraud than for courts of jus-

tice to lend their aid in carrying them into execution ?   But though the law suffers the transaction to be inquired into in the one case, and will not permit a party to expose his fraud in the other, yet this apparently inconsistent course arises from the different stages of the illegal acts at the time the inquiry is proposed, and is necessary to fulfill the purpose of the law with regard to fraudulent contracts, which is to refuse all aid to the parties thereto in carrying them into execution ; for it will be observed that in this case, while the law permits a party to raise the question of fraud, it is only done that it may, when the fact is established, refuse its aid to the party who has been concerned in it, and leave him just where he placed himself by his ill conduct.   So in the the end, through this seemingly inconsistent course, the law produces the same result in each case, which is a denial of all assistance to those who will soil themselves with a foul transaction.   (Chitty on Contracts, 680.)

If the depositions contained any illegal evidence, that was no reason for rejecting them altogether.   If any portion of them was proper evidence they should have been received, the court at the time pointing out the portions excluded. Judge Ryland concurring, the judgment is reversed and the cause remanded ; Judge Leonard absent.