ENOCH W. FENTON, Apellant, *v.* JOSEPH A. HAM, Respondent.

*Fraud—Note.*—In case of an executed contract, fraud may be set up as a defence where the party seeking to enforce the contract participated in the fraud. No action will lie upon a note given to enable the payee to defraud his creditors, the holder concurring in the fraudulent design. (Hamilton v. Scull's Adm'r, 25 Mo. 165, affirmed.)

*Appeal from Buchanan Court of Common Pleas.*

*Bassett & Lawson*, for appellants.

The defence set up in the answer is good. The answer shows want of consideration and fraud in the note, which constitutes a valid defence. (Smith on Contr., p. 120.) The maxim " *ex turpi causa non oritur actio*," applies in this case. The answer shows that the contract upon which suit is brought had its origin in a fraud, and each party was *particeps criminis*.

It is immaterial whether the illegality be part of or only

introductory to the cause of the action. If the contract requires any aid from an illegal transaction, a suit cannot be maintained upon it. (Swan v. Scott, 11 S. & R. 155.) The illegality of the original transaction taints all subsequent securities. (Ridge v. Hubbard, 15 Mass. 96 ; Tuthill v. Davis, 20 Johns. 287.)

The court will not aid in the enforcement of a contract growing out of an illegal transaction, (Collins v. Blanton, 2 Wills. 341 ; Paxton v. Popham, 9 East. 408,) and the rules of estoppel will not prevent defendant from setting up this defence. (Smith on Contr. 203 ; Hamilton v. Scull, 25 Mo. 165.)

The maxim *"nemo turpitudinem suam audiendus"* does not apply to the defendant, but rather the maxim *" in pari delicto potior est conditio defendentis."* (Worcester v. Eaton, 11 Mass. 368 ; Vandyck v. Hewitt, 1 East. 96 ; Perkins v. Savage, 15 Wend. 412 ; Pennington v. Townsend, 7 Wend. 276 ; Wraise v. Pearce, 24 Pick. 141.)

*H. M. & A. H. Vories*, for respondent.

No one can set up or show his own fraud as a ground of defence to an action against him, is a principle of law well settled in the books ; but in cases like the present, where the contract is not an executed one, the authorities are in conflict as to whether the courts will permit a defence on the part of one party to the fraud against a suit brought by the other party to the fraud to enforce the fraudulent contract. We think that public morals and policy would be best subserved by upholding the decisions concurring with the rulings of the court below in the present case. (Findley v. Toohy, 1 Blackf. 262 ; Siekman v. Lapsley, 13 Searg. & R. 224 ; 6 Shep. 231, 400 ; Henderson v. Henderson, 13 Mo. 151 ; Perry v. Calvert, 22 Mo. 361.)

BAY, Judge, delivered the opinion of the court.

This suit was instituted in the Buchanan Court of Common Pleas upon a promissory note for the sum of $1,735.94,

executed by defendant and paid or payable to one Kelly, and assigned by said Kelly to said plaintiff.

The answer of the defendant alleges that on or about the 12th of December, 1860, about four months prior to the execution of the note, the defendant and Kelly entered into a partnership for the purpose of selling goods, wares, and merchandise, in the town of Rushville. That at the time of forming said partnership Kelly represented that his indebtedness did not exceed the sum of $1,200, whereas it amounted in fact to about six thousand. That about the date of the note an agent of the creditors of Kelly came to Rushville to secure the said indebtedness ; that on the night of his arrival Kelly, defendant, and plaintiff, met at the house of defendant, and it was then and there agreed between them that Kelly should make a sham sale of his interest in the goods to defendant, and that defendant would execute a note to Kelly which was to be immediately transferred to plaintiff, so that plaintiff could represent to said agent that Kelly had no property whatever and that it would be useless to sue him. That the transaction was the result of a combination between the three to defraud the creditors of Kelly, and the note sued on was executed in pursuance thereof, and with the understanding that it was to be returned to the defendant. That shortly afterwards Kelly died, and after his death this suit was instituted.

Upon the trial of the issues so made, defendant offered to prove the facts stated in his answer; which was objected to by plaintiff, and the objection sustained. Judgment being rendered for plaintiff, defendant filed his motion for a new trial ; which being overruled, he now appeals to this court. The only question presented for our considerations is, whether the matter set up in the answer constituted a good ground of defence ; and this question we think has been definitely settled by this court in case of Hamilton v. Scull's Adm'r, 25 Mo. 165. That was a suit commenced in the Probate Court of St. Louis county to establish a demand against decedent's estate upon a note executed by the intestate to the plaintiff.

The defence set up was that the note was given for the purpose of defrauding the creditors of the plaintiff, and that both parties to the instrument participated in the fraud. The case was tried in the Circuit Court upon an appeal from the Probate Court, and upon the trial the defendant offered to prove the alleged fraud; but the court rejected the evidence, and upon an appeal to this court it was held, that the defence was a valid defence, and that the court below erred in rejecting the evidence; while it was admitted that a party who fraudulently conveys away his property cannot invoke the aid of the law to set aside such a conveyance and thereby regain possession of the property; yet it was contended that, in case of an executed contract, fraud may be set up as a defence where the party seeking to enforce the contract participates in the fraud, and this doctrine is fully recognized in Chit. on Contr., p. 680. It is there held that, while a party who has executed a bill of sale of his goods cannot be allowed to impeach it on the ground that it was given to defeat the claims of creditors, yet when the contract has for its object and consideration a fraud on a third person, and both the parties to the agreement are guilty of the fraudulent intention, it *ought not to* be permitted to either of them to found a claim upon such a contract in a court of law.

With the concurrence of Judge Dryden, the judgment will be reversed and the cause remanded.