By the Court.—Monell, J.
The ground upon which the learned justice directed the verdict in this case, was, that the several contracts were entire and inseverable, and required a delivery, or offer to deliver, all the coal before an action for any part delivered could be maintained.
Although the matter set up in the answer was therein claimed to be a set-off, that claim was not urged at the trial, and was abandoned upon the argument of the appeal, as was also any pretence that it could be used as a counter-claim.
The judgment rests, therefore, solely on the ground of the indivisibility of the contract, requiring a complete performance, as a condition precedent to any recovery for a part.
The complaint alleges a sale and delivery of a part of the coal, and the admission in the answer is of such sale and delivery, which is sufficient to establish its acceptance by the defendants. Besides, the evidence abundantly establishes that the part delivered was accepted.
It is very clear, I think, that these were severable .contracts, and capable of part performance, and that for the part performed a recovery may be had. They were for the sale and delivery of a specified number of tons of coal at a fixed price. Part of the coal under each purchase was delivered to, and accepted, and in part paid for, by the defendants, bringing the contracts • within the rule that although a certain definite number or quantity of things are brought together, the price is fixed by a certain agreed rate to be paid for each single .article or measure (Story on Sales, § 243.)
In Seymour v. Davis, 2 Sandf. S. C. 239, the purchase was of five hundred barrels of cider deliverable .in parcels, each to be paid for on delivery. Several parcels were delivered from time to time, and all paid *222 for except the last. The action was to recover the price of the last parcel, and it was claimed, that inasmuch as the whole had not been delivered, there could not be a recovery for any part. The court held otherwise, and that the plaintiff could recover for each delivery and acceptance.
Thus (Mr. Story says, Story on Sales, § 245), if a person order three parcels of goods at a certain price, he may refuse to accept one without the others ; but if one only of them be sent and he accept it, he cannot refuse the second, since by his acceptance of one he has consented to treat the contract as several for each of the parcels. So also if he order twenty barrels of flour, and only ten are sent, and he accept them, he cannot refuse to pay therefor.
The case is different from those contracts where payment is to be made only upon delivery of the whole. Then there is no contemplation of a part performance, and the entire delivery is a condition precedent to any payment. Such were the cases of Paige v. Ott, 5 Denio, 408; Champlin v. Rowley, 13 Wend. 258, and Mead v. Degolyer, 16 Id. 632.
This distinction is clearly taken in Sickles v. Pattison, 14 Wend. 257, where the court say: “lo time of payment was mentioned. In contemplation of law, it would probably be due on the delivery of the lumber. The delivery of the whole was not a condition precedent to' payment. It would become due and demandable as fast as delivered.”
In Flanagan v. Bemorest, 3 Robt. 173, the question arose as to the validity of the contract under the statute of frauds, and the general principle is there stated to be, that if the contract is divisible and capable of a separate physical performance, then a delivery and acceptance of part is sufficient; but where the Contract is indivisible, and cannot by its terms, or otherwise, be *223 performed in separate parts, then the whole contract must be performed at one time.
For these reasons I am of opinion that the direction of the learned justice was erroneous, and that the judgment should be set aside and a new trial ordered, with costs to the-appellant to abide the event.