LARIMORE *et al.*, *Plaintiffs in Error*, v. TYLER *et al.*

1. **Contract**: CONDITION : PERFORMANCE. Whenever it appears to to have been the intention of the parties to a contract, that the performance of one stipulation should not be a condition precedent to the performance of another, effect will be given to such intention, but where the intention is to rely on previous performance of the stipulation and not on the remedy for non-performance, performance is a condition precedent.

3. **Fraud as to Creditors.** A claim that a contract is fraudulent as to creditors, must come from the latter and not from parties to it.

4. ———. A party to a fraudulent conveyance cannot allege its illegality to avoid its effect.

*Appeal from Callaway Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*Crews & Thurmond* and *J. A. Hockaday* for plaintiffs in error.

(1) The contract upon which defendants base their title is an executory one, and before they can recover they must show performance on their part of all they agreed to do under its provisions. *Ingle v. Jones*, 2 Wall. 1 ; *Busch v. Sander*, 37 Mo. 104; 1 Chitty on Pleading, 323 ; *Chouteau v. Russell*, 4 Mo. 553 ; Story on Con-

tracts, secs. 27, 30, 32 ; *Bayse v. Ambrose,* 32 Mo. 484 ; *Earp v. Tyler,* 73 Mo. 617. (2) There were no equities created between the parties ; the contract embraced but a single transaction in regard to specific land and was by its terms one and indivisible, so that it does not come within the rule, that, when part of the covenants of a contract have been kept and others have failed, the contract may still be enforced. 2 Sudg. Vend. 395 ; *Hipwell v. Knight,* 1 Y. & C. 415 ; *Helm v. Wilson,* 4 Mo. 41. (3) Time was of the essence of the contract. 2 Parsons on Contracts, 383–6. (4) The contract should have been declared void because it shows on its face that it was its purpose to hinder, etc., creditors in sixth class of Henry Larimore, deceased, from subjecting the surplus, after paying the mortgage debts and debts allowed in the fifth class, to the payment of their debts. It further shows that part of such surplus was to enure to the benefit of the grantors and was void and illegal for that reason. *Biglow v. Stringer,* 40 Mo. 195 ; *Robinson v. Robards,* 15 Mo. 459 ; *Gates v. Lebaum,* 19 Mo. 17 ; *Potter v. McDowell,* 31 Mo. 62 ; *State, etc., v. Benoist,* 37 Mo. 500. (5) The contract is void, as against public policy, in that, it is an agreement upon the part of the administratrix and heirs of an estate to appropriate its assets to their own purposes in disregard of the statutory duties imposed by the administration act and in fraud of the rights of creditors. Story on Con., sec. 578 ; 1 Addison on Con., secs. 259, 265 ; 2 Kent Com. 620.

*I. W. Boulware* and *Macfarlane & Trimble* for defendants in error.

(1) The contract is supported by a good and valuable consideration. No fraud was intended or resulted therefrom, and it is binding on the parties. (2) Time was not of the essence of the contract ; that all the lands should be bought at trustee's sale on December 1. 1880.

or any other special day, was not essential or material. *Clute v. Jones,* 28 N. Y. 280 ; *Melton v. Smith,* 65 Mo. 315 ; Parsons on Contracts [5 Ed.] 383-4 ; *Taylor v. Langworth,* 14 Pet. 173. (3) Defendants not purchasing the whole of the lands on December 1, 1880, did not destroy or render the contract invalid. Bishop on Con., sec. 7526, and note ; Parsons on Con. [5 Ed.] 383 ; *Hall v. Delaplaine,* 5 Wis. 206 ; *Hill v. Fisher,* 34 Me. 143 ; *McGuffin v. Graty,* 1 Duval, 95. (5) After Tyler and Baker had obtained the eighteen thousand dollars, bought about five hundred acres of the land at trustee's sale, paid eleven thousand dollars therefor and received deed for same, it was then too late to repudiate and try to rescind the contract. Addison on Contracts [3 Am. Ed.] 452, sec. 12, and authorities cited. (6) The neglect, failure, or refusal by one party to fulfill his part of the contract will not release the other party from his engagement, unless such failure and refusal operates as entire frustration of the whole contract. *Bradley v. King,* 44 Ill. 339 ; *Blood v. Shannon,* 29 Cal. 393 ; *Swan v. Nichols, adm'r,* 24 Md. 199. (7) No heir, distributee, or creditor was injured or defrauded by the contract. No creditor complains. 24 Miss. 504 ; 4 Hay, Jenn. R. 44 ; 33 Me. 17 ; 7 Blatchford [Md.] 178 ; 18 Johnson, 407 ; *Steadman v. Hayes,* 80 Mo. 323. (8) The law will not presume a contract illegal or against public policy, if capable of a construction making it valid. *Curtis v. Gokey,* 68 N. Y. 300 ; *Missel v. Ins. Co.,* 76 N. Y. 115 ; *Brooklyn v. Ry.,* 47 N. Y. 119. (9) A deed of gift is not fraudulent *per se. Brown's adm'r v. Finlay,* 18 Mo. 378 ; R. S. sec. 2496. (10) Only creditors can impeach a conveyance, because fraudulent as to them. *Steadman v. Hayes,* 80 Mo. 323 ; *McLauyhlin v. McLaughlin,* 16 Mo. 243 ; *Zoll v. Soper,* 75 Mo. 462 ; *George v. Williamson,* 26 Mo. 190. (11) The court did not err in refusing to admit evidence of a fraudulent intent. *Brooks v.*

*Marlin*, 2 Wall. 78; *Planters Bk. v. Union Bk.*, 16 Wall. 484.

BLACK, J.—This is a suit for the partition of two hundred and eighty acres of land among the widow and heirs of Henry Larimore. He died in 1879, leaving four children; his widow, Jane Larimore, elected to take a child's part. The defendants, Tyler and Baker, the husbands of two of the daughters of Henry Larimore, claim two-fifths of forty acres in their own right, by purchase from Abram and Jane Larimore, and it is this claim alone about which there is any dispute. Some of the debts of Henry Larimore were secured by deeds of trust on personal and real property. After the personal property had been sold and applied, the affairs of the estate were as follows:

The real estate consisted of one thousand three hundred acres of land, one thousand and twenty of which were incumbered by the deeds of trust, upon which there was still due about nine thousand dollars. Other debts, amounting in all to nearly nine thousand dollars, had been allowed against the estate, and of these a debt of two thousand dollars was secured on lands conveyed by the deceased to Abram Larimore. Sales under the deeds of trust were to take place, and the evidence shows that both Jane and Abram were fearful that the one thousand and twenty acres would not sell for enough to pay all the debts, and that it might be necessary to resort to the two hundred and forty acres, and also to the land conveyed to Abram. Thereupon, Jane and Abram, as parties of the first part, and Tyler and Baker, as parties of the second part, made a contract and deed, which recites that the one thousand and twenty acres are to be sold under deeds of trust on the first of December, 1880, and then proceeds as follows:

"Now, therefore, the parties of the first part, in

Larimore v. Tyler.

consideration of the promises and covenants hereinafter made by the parties of the second part, have released and relinquished, and do hereby release and relinquish all their rights, titles, claims and interests in and to any and all of said lands except as herein provided, and relinquish all their rights and interests in and to all or any part of the money which may arise from the said sale of said land under the trust deed of December 1, 1880, as heirs and widow of the said Henry Larimore, deceased, to the parties of the second part, except that should the debts allowed against the estate of the said Henry Larimore, deceased, and mortgaged debts hereinafter mentioned, amount to less than eighteen thousand dollars, the sum specified to be paid for said land at said sale by said parties of the second part, as hereinafter mentioned, then said parties of the first part, as heirs and widow, are to have their proportion of the said eighteen thousand dollars that exceeds the said debts of said estate.

"And in consideration of said covenants and relinquishment, by the parties of the first part, the parties of the second part hereby promise, undertake and agree by bidding on said land at said sale to make said land bring eighteen thousand dollars, or should the mortgaged debts and the debts allowed against said estate exceed eighteen thousand dollars, then said parties of the second part agree to make said land at said sale pay said debts, except as to the Duncan claim, which had been allowed against said estate.

"It is mutually understood and agreed that said parties of the second part are to make said land at said sale bring eighteen thousand dollars, and if the mortgage debts, and the claims allowed against said estate, should be less than eighteen thousand dollars, then the parties of the second part shall pay into the hands of the administratrix the difference between said debts and

eighteen thousand dollars, but if, on the other hand, the land should bring more than eighteen thousand dollars, then the difference between eighteen thousand dollars and the amount which the land shall bring, or if the said debts (excepting the Duncan debt) shall exceed eighteen thousand dollars, then the difference between the amount of said debts and the amount which said land shall bring at said sale shall not be paid to the administratrix, but shall belong to said parties of the second part and shall be paid to them. It is mutually understood that none of the purchase money, as aforesaid, to be paid for said land at said sale, shall be appropriated to the payment of any claim except the mortgaged debts aforesaid and the debts now allowed against the estate of the said Henry Larimore.''

Tyler and Baker bought at the trustee's sale four hundred and seventy acres for eleven thousand dollars, being seventeen hundred dollars more than was due on the deeds of trust ; this surplus was paid to the administratrix. Thereafter, and in 1881, they purchased at a sale made by the administratrix, the residue of the one thousand and twenty acres, except the forty here in question, paying therefor thirteen thousand and five hundred dollars. Additional debts were allowed against the estate after the date of the contract ; the entire debts have been paid out of the proceeds of these sales, and the time for presenting demands expired before the trial of this cause.

1. The first claim on the part of plaintiff is, that the contract is executory, and that the defendants took and can have nothing by it, because they did not make exact performance of its terms. They did not purchase all the lands at the trustee's sale, for when the trustee had raised money enough to pay the secured debts his power of sale was exhausted. The object of the contract was to make the mortgaged lands pay all the

debts, secured and unsecured. This the defendants did, to the full extent of their covenants, by purchasing at the sale made by the administratrix. It might well be said the parties must have had these results in contemplation when they made the agreement. For we are not to overlook the substantial purposes had in view. But is the contract an executory one on the part of Abram and Jane Larimore? Whenever it appears to have been the intention of the parties that performance of one stipulation shall not be a condition precedent to the performance of another, effect will be given to such intention ; but where the intention is to rely on a previous performance, and not on the remedy for non-performance, performance is a condition precedent. Addison, on Con. [Morgan's Ed.] sec. 232. The same principles are asserted in 4 Kent Com. [13 Ed.] 132. By reference to the contract we see Abram and Jane Larimore say they have released and relinquished all their titles, etc., to defendants, except as thereafter provided.

Though various covenants are made with respect to the proceeds of the sale, no reservation whatever is made with respect to their interests in the lands. The instrument is under seal, has the requisites of, and is a deed. The words used are sufficient to convey the rights of the grantors in the lands. By it Abram and Jane evidently intended to, and did make a present conveyance, and relied upon the covenants of the defendants for a remedy. The deed is not upon condition at all. The principles asserted in the cases cited by plaintiffs in error, are not doubted, but they do not apply to this deed. Here the contract was executed when delivered, so far as to be a present conveyance of the interests of Jane and Abram Larimore in the mortgaged lands. Add to these considerations the further fact that defendants have made a substantial performance of all their covenants, and there can be no doubt but they are entitled to the two-fifths of the forty acres acquired from Abram and Jane.

2. We are not prepared to say the deed and contract, on its face alone, should be held to be fraudulent as against the creditors of the estate of Henry Larimore. The other conceded facts do go far to show the parties designed not only to pay the secured and then allowed demands, but also to cut out certain claims which had not yet been allowed, or presented for allowance. It must be taken that such was the intention of the parties, for other evidence to that end was offered and excluded. Still, does the fact, if proved, defeat the defendants as to the two-fifths of the forty acres in question? This claim that the contract was fraudulent as to creditors, comes from parties to it, and not from any creditor, or any one claiming through a creditor. Where the fraudulent act is not consummated, but rests in a promise, the law permits a party to the contract to interpose and set up the fraud as a defence to any relief on the executory agreement. *Hamilton v. Scull's adm'r*, 25 Mo. 165; *Fenton v. Ham*, 35 Mo. 409. But as was said in the first of these cases, one who has made a fraudulent conveyance of his property, cannot, by alleging his own turpitude, be permitted to set aside his conveyance, and regain the possession of property which he has fraudulently alienated. A party to a fraudulent conveyance cannot allege its illegality for the purpose of avoiding its effect. The law leaves him where he has placed himself. *McLaughlin v. McLaughlin*, 16 Mo. 251; *George v. Williamson*, 26 Mo. 190; *Steadman v. Hayes*, 80 Mo. 320.

These conclusions lead to an affirmance of the judgment in this case. Affirmed. All concur.