CLAY COUNTY BANK, Appellant, v. SAMPSON R. KEITH, Respondent.

**Kansas City Court of Appeals, November 5, 1900.**

Banks and Banking: BILLS AND NOTES: FRAUD: PARTICIPATION OF MAKER. A note executed to defraud creditors is invalid though the maker participates in the fraud; and so the note made by a director of a bank to evade the law and deceive the secretary of state is void though at the time it was supposed to be a valid and proper proceeding, and the fact the cashier had no authority to consent to the transaction, can not cure the fraud.

Appeal from the Clay Circuit Court.—*Hon. E. J. Broaddus* Judge.

AFFIRMED.

*Martin E. Lawson* for appellant.

(1) The court erred in admitting evidence as to the agreements made by the cashier with the directors by which

the note in suit and other notes were not to be paid, but were to be held for another purpose. He had no power to do so. Morse on Banks and Banking (3 Ed.), secs. 152, 167; Bank v. Hill, 148 Mo. 380, loc. cit. 392. (2) Declaration number 4, refused, should have been given. It declares that the cashier did not have power, by secret agreement, to invalidate the obligations of the directors, whose servant he was. Morse on Banks and Banking (3 Ed.), secs. 152, 158; Bank v. Hill, 148 Mo. 380, loc. cit. 392. (3) For the same reasons the declaration for defendant ought not to have been given, as it declares the law to be that its cashier had such power.

*Simrall & Trimble, Sandusky & Sandusky* for respondent.

(1) The law will not enforce a contract growing out of an illegal transaction. Fenton v. Ham, 35 Mo. 409; Hamilton v. Scull, 25 Mo. 165; Tyler v. Larimore, 19 Mo. App. 445. (2) The note was delivered up to respondent in pursuance of the representation and agreement under which it was executed; and appellant can not complain because it carried out its own agreement.

ELLISON, J.—This action is on a promissory note alleged to be in possession of defendant. The judgment in the trial court was for defendant.

It appears that defendant and four others were directors of the plaintiff bank. That the bank had impaired its capital to the amount of $850 and the state bank examiner was about to make examination of the bank. Not desiring to make an assessment on the stockholders and in order to prevent the examiner from discovering the bank's condition, the directors, one of them being the cashier, concluded to execute their note to the bank for $850, the amount of impairment aforesaid.

The secretary of state, who has general control of state banks, disapproved of this and required of the directory that they make an assessment upon the stockholders for the amonut of the shortage. They reported to him that they preferred not to make an assessment as it might injure the bank and that they had paid the note themselves. This was satisfactory to the secretary. Instead of having paid the note they cancelled it and in its stead, substituted the separate note of each of themselves for $170, the one executed by defendant being the one in suit. These notes were also executed with the understanding among them that they were merely to "tide over" and were not to be paid.

Afterwards, the directors made an order that these notes be cancelled and they were so marked and delivered to the signers.

The notes were executed for the purpose of evading the law and of deceiving the secretary of state, though at the time the directors did not. so understand it and supposed it was a valid and proper proceeding. The result however is the same and there can be no recovery on them. A note (not in the hands of an innocent purchaser) executed to defraud creditors is invalid, though the maker participates in the fraud. Hamilton v. Scull, 25 Mo. 165; Fenton v. Ham, 35 Mo. 409.

Plaintiff contended in argument that the cashier had no authority by virtue of his office to bind the bank by an agreement that the note would not be collected. We grant this to plaintiff, but the law is the authority: it is the law which says such a note can not be collected. The agreement with the cashier is no aid to defendant; a recovery could not have been had if the cashier's agreement had been that they should, instead of should not be collected.

It results that the judgment should be affirmed. All concur.