BOULWARE, Respondent, v. CROHN, Appellant.

St. Louis Court of Appeals, February 5, 1907.

1. **CONTRACTS: Dependent and Independent. Covenants: Intention.** The primary inquiry in determining whether the covenants of a contract are severable and independent, or dependent, is the intention of the parties, if that intention is expressed or plainly discernible from the contract; this is true although the reason which determined the parties in execution of the contract cannot be discerned; and the reasonableness of a covenant cannot influence the determination of its character in that respect, unless the intention of the parties is doubtful.

2. ———: ———: **Rescission.** A party to a contract should be allowed to rescind it when the other party violates it in a way to deprive the first of a substantial portion of the consideration which induced him to enter it, even though the default may not obliterate the entire consideration.

3. ———: ———: ———: **Penalty.** Annexing a penalty for the non-performance of an essential covenant in a contract does not necessarily prevent a rescission for the non-performance of that covenant.

4. ———: ———: **Penalty and Liquidated Damages.** In determining whether a provision in a contract for the payment of a stipulated sum in case of failure to perform is a penalty or liquidated damages, the use of the term "liquidated damages" is not conclusive; the courts will take into consideration not only the intention of the parties but the reasonableness or the unreasonableness of the stipulation.

5. ———: ———: ———. If there are several covenants in a contract of different degrees of importance and a sum is stipulated to be paid for a breach of any covenant, the courts are inclined to treat the sum as a penalty and not as liquidated damages.

6. ———: ———: ———. A contract for the sale of land which bound the seller to keep the premises in repair until possession

should be delivered, to insure the buildings against loss by fire, to furnish an abstract within a given time, to put a deed in escrow within a given time, and provided that $500 should be forfeited for a breach of any of the conditions, that proviso should be treated as a penalty and not as liquidated damages.

7. ———: ———: Rescission.  In such case, where the time of deposit of the deed in escrow was shown by the circumstances and by the declaration of the contract to be an essential proviso, it was so far dependent upon the obligations of the purchaser that the latter had a right to rescind for failure on the part of the seller to perform that covenant; the right of rescission in such case did not depend on the extent of the loss or injury caused by the breach.

8. ———: ———: ———: Waiver.  In such case the purchaser did not waive his right to rescind for the non-performance of the covenant requiring the seller to deposit the deed in escrow, by attempting to sell land where he had no knowledge that there was a failure to deposit the deed.

Appeal from Ralls Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Allison & Allison* and *Roy & Hays* for appellant.

(1)  Instructions 1 and 2 given for plaintiff are to be read as one instruction.  By them the court peremptorily instructed a verdict for plaintiff, because defendant had not placed the deed in escrow within the thirty days, and directed a verdict for the return of the portion of the purchase money paid by plaintiff, $500 and interest.  It was the duty of Boulware, if he desired to rescind for such breach, to do so at once by notifying the defendant to that effect.  Melton v. Smith, 65 Mo. 315; Mastin v. Grimes, 88 Mo. 478; Kirk v. Seeley, 63 Mo. App. 262; Koerper v. Royal Inv. Co., 102 Mo. App. 543; Hart v. Handlin, 43 Mo. 171; Lapp v. Ryan, 23 Mo. App. 436; Estis v. Reynolds, 75 Mo. 563; Gaty v. Sack, 19 Mo. App. 470; Jones v. Berry, 37 Mo. App. 125.  (2)  Said instructions were erroneous for the further reason that plaintiff waived his right to rescind the contract for

the failure to place said deed in escrow within thirty days. The plaintiff himself testified that he tried to sell the land in November or December to Mrs. Briscoe, and she bargained for it, but backed out. He then tried to sell it to others, and had it in the hands of real estate agents. Lapsley v. Howard, 119 Mo. 489. (3) Said instructions were erroneous for the further reason that the agreement to place the deed in escrow within thirty days was an independent covenant, and its breach did not justify rescission by plaintiff. It was an agreement to be performed at a time prior to the closing of the trade which was to be done March 1, 1904, and it did not go to the whole of the consideration. Butler v. Manny, 52 Mo. 497; Turner v. Mellier, 59 Mo. 526; Strohmeyer v. Zeppenfeld, 28 Mo. App. 268; Burris v. Improvement Co., 55 Mo. App. 381; Sawyer v. Christian, 40 Mo. App. 295.

*E. L. Alfred* and *Ben E. Hulse* for respondent.

(1) There was no waiver by plaintiff of the stipulation to place the deed in escrow within thirty days from September 29, 1903. The whole evidence shows the attempted sale of the land to Mrs. Briscoe which is relied upon by appellant to establish waiver, took place in October less than thirty days from the date of the contract. The plaintiff testified that it was in October, 1903. In this he is corroborated by H. E. C. Tucker. To constitute waiver there must be knowledge of the breach. Haysler v. Owen, 61 Mo. 270; Johnson Co. v. Lowe, 72 Mo. 637; Crouch v. Railroad, 22 Mo. App. 315. (2) And there was absolutely no evidence that plaintiff knew of defendant's failure to place the deed in escrow within the time specified. It devolved upon defendant Crohn to show that plaintiff Boulware had knowledge of the breach in question, if he would establish waiver, and since he made no such showing by any evidence whatever, there was nothing to submit to the jury. Dyas v.

Hanson, 14 Mo. App. 363; Reithmuller v. Fire Assn. of Philadelphia, 38 Mo. App. 118. (3) Where the parties to a contract expressly stipulate that the time of the performance of the agreements contained therein is an essential element of the contract, the covenants will be held to be dependent. The contract in the case at bar contains the express agreement that time is of the essence of the contract. St. Louis Steam Heating and Ventilating Company v. Bissell, 41 Mo. App. 426.

STATEMENT.—The contract declared on is as follows:

"Articles of agreement made and entered into this 29th day of September, 1903, between Herman Crohn, of the county of Ralls, and State of Missouri, party of the first part, and E. S. Boulware, of the county of Ralls, and State of Missouri, party of the second part, witnesseth: That said party of the first part has this day sold to said party of the second part the following described real estate in the county of Ralls, State of Missouri, to-wit: south half of southeast quarter, section 20, township 54, range 6, containing in all eighty acres, more or less, for the sum of $3,280, on the following terms, to-wit: $500 is in hand paid (receipt of which is hereby acknowledged), as part payment on said sale, $2,780 to be paid on March 1, 1904. Possession to be delivered by said party of the first part to said second party on or before March 1, 1904, in as good order and repair as same now are, usual and ordinary wear and tear and unavoidable accident by fire or otherwise or providential destruction only excepted.

"Said party of the first part to furnish to said party of second part abstract showing good merchantable title to said property within thirty days from date thereof, and should said party of second part desire corrections in said abstract he agrees to deliver a copy of said requirements in writing with party of first part in thirty days after receipt of said abstract, and failure to do so

shall be as acceptance of said abstract. Said party of first part shall have reasonable time to make any correction of abstract that shall be necessary.

"Said party of first part to convey by good and sufficient warranty deed and to pay all taxes and legal assessments on said premises falling due on or before 1st day of March, 1904, said warranty deed to be left in escrow with Perry Bank, at Perry, Missouri, within thirty days from date hereof, to be delivered to said party of second part upon payment of balance of purchase price on or before March 1, 1904; said title to be in said first party at the time of payment of said balance of purchase price and said sold premises to be clear of incumbrance except now.

"Said party of first part to keep house and barn on said premises insured until possession is turned over to said property in the same amount and manner as they are now insured, and in any event of loss or damage sustained under such insurance policy, the insurance money collected to accrue to the benefit of said second party as liquidated damages and to be retained and applied by said party of first part as part of next accruing payment on said premises.

"It is further agreed by and between the parties hereto, that the time of performance of the above agreements is an essential element of this contract, that the covenants and agreements herein contained shall extend to and be obligatory upon his heirs and executors, administrators or assigns of the respective parties, and either party hereunto who shall fail or refuse to perform his part of this contract shall pay to the other the sum of five hundred dollars, said sum being hereby agreed upon as the liquidated damages to be sustained by either party upon a failure or default on the part of the other.

"In witness whereof the said parties have hereunto, and to a duplicate copy, set their hands the day and year above written.        HERMAN CROHN,

"By his authorized agents, Winters & Tucker and E. S. Boulware.

"Approved of above contract.      H. CROHN."

GOODE, J. (after stating the facts).—On September 29, 1903, plaintiff and defendant entered into a written contract by which defendant agreed to sell plaintiff a farm in Ralls county. The price was to be $3,280, of which $500 was paid on the day of the execution of the contract and the remainder ($2,780) was to be paid March 1, 1904. The terms of the contract which need to be noticed were substantially these: The farm was to be turned over to plaintiff on or before March 1, 1904, in as good condition and repair as it was at the date of the contract (September 29, 1903), usual or ordinary wear and tear and unavoidable accident by fire or providential destruction, excepted. The defendant agreed to furnish plaintiff an abstract showing a merchantable title within thirty days from the date of the contract, and agreed further to convey the farm by good and sufficient warranty deed, said deed to be left in escrow with the Perry Bank, of Perry, Missouri, within thirty days of the execution of the contract and to be delivered to plaintiff on payment of the balance of the purchase price on or before March 1, 1904. Defendant was also to keep the house and barn insured until possession was relinquished to plaintiff, and in the event of loss or damage sustained under the insurance policy, the money collected therefrom was to accrue to plaintiff's benefit and to be applied in part payment of the unpaid balance of the purchase price. It was further agreed the time of performance of the foregoing stipulations was an essential element of the contract, and that either party who should fail or refuse to perform his undertakings, should pay to the other the sum of $500 as liquidated damages. We have copied the contract so as to enable a reader to observe the exact phraseology of the instrument. There were about 1,500 fruit trees on the farm, and some time

after the contract was executed a conversation occurred between Boulware and Crohn about wrapping these trees to prevent them from being gnawed by rabbits during the winter. The statements of the two men differed regarding the understanding they reached in the conversation. Boulware swore Crohn agreed to wrap the trees so as to protect them; whereas Crohn swore he only agreed to do so if Boulware would furnish the wrapping material and that it was not furnished. Crohn swore he knew, during the winter, the rabbits were ruining the trees and took no steps to check the damage. Expert witnesses swore it was customary to wrap apple trees and essential to do so to protect them. The orchard was damaged by rabbits to the amount of several hundred dollars. Crohn neglected to furnish plaintiff with an abstract of title until the latter part of February, 1904, and failed entirely to put the deed in escrow with the bank. On March 1st, he tendered the deed to plaintiff and demanded the unpaid part of the purchase price, but plaintiff refused to go on with the sale. Boulware says that at the time of the tender of the deed he refused to accept it, stating as the reason of his refusal that Crohn had not complied with the contract. Crohn swore the reason assigned by Boulware was that the orchard had been damaged. Boulware instituted this suit to recover $500 damages for Crohn's breach of the contract and also the $500 he had paid on the purchase price;$1,000 in all. The petition alleged plaintiff stood ready to perform the contract in all respects, and defendant failed to perform; that he negligently permitted his live stock to enter the orchard, trample, bruise, gnaw and wound the fruit trees; failed to exercise proper care over the orchard in consequence whereof rabbits and other natural enemies of the trees gnawed, barked and wounded them so that many of them died; that he quartered

122 App—37

horses, cattle and other live stock in the yard surrounding the house to the destruction of the turf and lawn; that defendant failed to furnish plaintiff with an abstract of title within thirty days of September 29, 1903, and failed to deposit with the Perry Bank within the same period a good and sufficient deed to the premises. The concluding portion of the petition is as follows:

"That defendant after having failed to keep and perform the conditions of the contract as aforesaid, failed and refused to pay back to the plaintiff the said sum of five hundred dollars so paid to defendant by plaintiff under said contract as aforesaid and that defendant still owes to plaintiff the said sum of five hundred dollars.

"Plaintiff further states that by reason of the failure of defendant to keep and perform his part of said contract, plaintiff was damaged in the additional sum of five hundred dollars, which said sum of five hundred dollars was agreed upon in said contract as liquidated damages as aforesaid.

"Wherefore, plaintiff prays judgment against defendant for the sum of one thousand dollars, and for interest thereon from March 1, 1904, and for costs and for general relief."

The answer admits the execution of the contract, admits defendant did not put the deed in escrow within thirty days nor furnish plaintiff with an abstract of title. The answer further avers that on March 1, 1904, defendant executed a deed and placed it in escrow in the Perry Bank, to be delivered to plaintiff on payment of the remainder of the purchase price; that on or about February 23, 1904, defendant gave plaintiff an abstract of title and plaintiff, on March 1st tendered the deed; that on neither occasion did plaintiff raise any objection on the score of defendant's delinquency in performing those matters, but retained the abstract and waived the defaults. The answer further alleges that on or about Oc-

tober, 1903, defendant agreed with plaintiff that if the latter would furnish proper wrappings to protect the fruit trees, defendant would place them on the trees, but plaintiff failed to do so. It is denied that the yard and lawn were injured by stock, and we may say this allegation of the petition was abandoned. The answer further alleges that on March 1, 1904, on the tender of a good and sufficient warranty deed, properly executed and acknowledged, conveying the farm to plaintiff, defendant demanded the sum of $2,780; that plaintiff refused to accept the deed or to pay, assigning as his reason for refusing, that rabbits had injured the trees of the orchard and making no objection because the deed was not placed in escrow or an abstract of title furnished in the time agreed. The reply was a general denial.

Plaintiff purchased the farm with a view to reselling it and, in fact, made an oral contract of sale with a third party. This trade fell through and the inference could be drawn that the purchaser refused to go on with it because of the damage to the orchard by rabbits. Plaintiff tried to sell the farm as late as the early part of December, and after he failed to complete the sale to the customer he first had in view, endeavored to sell it to other persons. These incidents happened more than thirty days after the execution of the contract and when plaintiff must have known the abstract of title had not been furnished within the time agreed. The court instructed the jury to return a verdict for plaintiff for nominal damages because of defendant's breach of the contract in failing to put the deed in escrow and for the five hundred dollars plaintiff had paid on the purchase price, together with interest. The question of the propriety of granting said instruction involves an examination of all the points of law raised by counsel and renders unnecessary a recital of defendant's refused instructions. A verdict was returned in accordance with

the court's direction and judgment having been entered on it, defendant appealed.

Plaintiff waived any right he may have had to rescind on account of the failure to furnish an abstract in the time agreed. This conclusion is to be drawn from his own testimony that he endeavored to sell the farm knowing of the default. By thus dealing with the property as though the contract was in force, plaintiff elected against a rescission on account of the non-performance of the promise about the abstract. [O'Fallon v. Kenney, 45 Mo. 124.] The court did not take this breach into consideration in directing a verdict for plaintiff and, therefore, the refusal of defendant's requested instruction regarding it was harmless. The effect of the instruction given for plaintiff was that defendant's failure to put the deed in escrow as promised constituted a breach which entitled plaintiff to recover nominal damages and also the portion of the purchase money already paid. No point is made against the plaintiff's case on the ground that his petition seeks two different and inconsistent reliefs; namely, compensation in damages, alleged to have been liquidated, for a breach of the contract, and also the amount of the purchase money plaintiff had advanced ($500) on the theory of a rescission of the contract because of defendant's default. A doubt arises as to whether plaintiff was entitled to both reliefs, as one implies that the contract continued in force after the default and the other that plaintiff had rescinded it and was asking to have restored the consideration he had parted with in the expectation of performance by defendant. But as this matter has not been presented, and as the only substantial damages awarded were for the purchase money plaintiff had paid, we will dispose of the case on the propositions relied on by counsel for defendant in their brief and treat the action as a suit to rescind. Regarded in that form, the first question is: Had defendant so far failed of performance as to entitle

plaintiff to rescind? No breach is relied on as ground
of rescission except the omission to deposit the deed in
escrow within the stipulated time, and unless the agree-
ment to do this was a condition precedent on which the
obligation of plaintiff to complete the purchase and pay
the remainder of the price depended, the omission did
not warrant plaintiff to withdraw from the contract.
We need not select among the several tests which have
been resorted to in doubtful cases for determining
whether the terms of a contract are dependent, and all
to be performed by one party as the condition of enforc-
ing performance by the other, or severable and inde-
pendent of each other so that a breach of a term by
one party will not exonerate the other from performing
his promises, but only afford him an action for the
breach. The criterions vary according to the diverse
subject matters of contracts; but as the primary inquiry
is always the intention of the parties, if their intention
has been expressed one way or the other, or, though not
expressed, is plainly discernible, it will be enforced and
the promises held dependent or severable, as the case may
be. And this will be done although the court may be
unable to fathom the motive which determined the par-
ties to provide as they did; because many valid reasons
may exist why a man should require the insertion of
given terms in his agreement, and yet his reasons not
occur to one unfamiliar with his affairs and the circum-
stances under which he acts. [Bowes v. Shand, 2 App.
Cas. 455; Freeland v. Mitchell, Admr., 8 Mo. 487; St.
Louis v. Wiggins Ferry Co., 88 Mo. 615; Larimore v.
Tyler, 88 Mo. 661; Shinn v. Bodine, 60 Pa. St. 182; Eas-
ton v. Jones, 193 Pa. 145; 3 Page, Contracts, sec. 1484.]
The reasonableness of a term can only influence the con-
clusion regarding its character as dependent or inde-
pendent, when the intention of the parties is doubtful.
The memorandum signed by these parties says, "the time
of performance of the above agreements is an essential

element of this contract." That stipulation is not only positive; it is important in view of Boulware's purpose to resell the farm and the drawing of the contract so as to confer on him the right to take up the deed and perfect his title on or before March 1st. The inference to be drawn from this privilege is, that the abstract of title was to be furnished and the deed put in escrow, so as to enable Boulware to acquire the title at his pleasure; either to convey it to a purchaser he might find, or for any other purpose.

In Springfield Seed Co. v. Walt, 94 Mo. App. 76, 86, we said regarding the character of doubtful promises that:

"The mutuality of covenants turns on the intimacy of their connection, considered in the light of the entire agreement — whether one was so bound up with the other that the failure of one party to perform a stipulation hindered performance by the other party, or left him without an adequate consideration for performance."

We think that statement expresses a sound theory and rule of decision applicable in many instances. Contracts are voluntary obligations assumed by men for considerations which appear to their minds to be sufficient. The consideration may, and often does, consist of several different things to be done. Now, whenever compelling a party to go on with his contract after a default in one of these acts, would be tantamount to binding him in an obligation for inducements or reasons substantially short of what he was willing to bind himself for, the courts ought to allow him to rescind, and in most cases rescissions have been allowed under such circumstances; and this we think ought to be so even though the default may not obliterate the entire consideration. [Ballance v. Valluxen, 191 Ill. 314; Lake Shore, etc., R. R. v. Richard, 152 Ill. 59; Robson v. Bohn, 27 Minn. 333, 344.] The only reasonable view to take is that the obligee of the stipulation would not have made the agree-

ment with a substantial portion of the consideration omitted, and hence ought not to be bound by it when he is deprived of such portion by the default of the obligor. We have already shown from the option given plaintiff and his intention to sell the farm, that the deposit of the deed in escrow was essential to the realization of his object in making the contract and, further, that the failure to deposit it might defeat his object. But for one other term of the memorandum it would be perfectly clear from its express words and also from the design of the parties, that the time in which Crohn was to escrow the deed was of the essence of the contract and a condition precedent. Some doubt is cast on this conclusion by the stipulation for what is designated as liquidated damages for a breach of the contract. In Lincoln Trust Co. v. Nathan, 175 Mo. 32, 47, 74 S. W. 1007, there is a dictum that if a penalty is prescribed for the violation of covenants they will be construed as independent. In support of this dictum the opinion in Freeland v. Mitchell, 8 Mo. 488, is cited, wherein the court said no more on the point than that no case had been found in which a covenant with a penalty for a breach annexed, was held to be dependent. Obviously the word "penalty" was used in the opinion in the sense of liquidated damages or an entire sum to be forfeited by a defaulting party; for unless the contract is in the alternative and allows two modes of performance, the rule is that one bound by it cannot choose between paying damages (and a mere penalty would be construed to entitle the aggrieved party to no more than actual damages) and performing his obligation. [French v. McCale, 2 Dr. & War. 275; Bispham, Equity (6 Ed.), 180.] But if the forfeiture provided is in the form of liquidated damages, the rule is, at law but not in equity, that payment of the agreed sum is satisfaction for a breach. [Fry, Spec. Perf. (3 Ed.), secs. 146, 147.] We do not wish to be understood as saying that in no in-

stance would a rescission be allowed for non-perform-
ance because damages are stipulated for the breach. We
have no occasion to decide this point; for, as will be
shown, the forfeiture provided in the present case is
a penalty.   Likely instances might occur in which jus-
tice would require that an obligee be permitted to re-
scind for a breach notwithstanding there was a clause
for liquidated damages.   This would be true especially
if the contract was still executory; for the aggrieved
party, if denied rescission, would be compelled to go
on with performance and take the chance of being com-
pensated in damages for the breach.   The question al-
ways is, what was the intention of the parties?   And
merely stipulating damages for a breach might be in-
conclusive in favor of the view that they intended, by so
stipulating, to make the covenant to which the forfeiture
applied, not a condition precedent.   A judgment for the
whole amount stipulated as damages was evidently the
relief the court meant to say the vendee in the Freeland
case could obtain for a breach of the covenant to put him
in possession.   To hold that a provision in a contract for
a simple penalty for refusing to carry out an essential
term, destroys the right to rescind for non-performance,
would be equivalent to compelling one party to perform
fully his obligation while the other party is set free from
performance, and only bound to answer in damages; a
sum for which, perchance, the innocent party never
would have thought of assuming his obligation and
which may not operate, even *in terrorem* on the delin-
quent, either because he is execution proof, or because
the probable damage would be small.   We cite a case to
the point that annexing a penalty does not necessarily
stand in the way of rescission for non-performance of
an essential covenant.   [Wilson v. Roots, 119 Ill. 379.]

We will now direct the discussion to the question
of whether the sum designated as liquidated damages in
the memorandum in controversy is such, or a penalty.

If it is a penalty there can be no doubt that plaintiff was entitled to rescind. We think the court below was right in construing it to be a penalty. Calling a sum liquidated damages is not conclusive of its character. In passing on the question of whether or not in a given instance a sum to be forfeited is penalty or liquidated damages, the courts of this State take into consideration not only the intention of the parties, but also the reasonableness of the forfeiture to be visited on the party in default, in comparison with the loss inflicted on the other party by the breach. [May v. Crawford, 142 Mo. 390.] If there are several covenants in the contract of different degrees of importance, and the same sum is stipulated to be paid for a breach of either, the courts incline to treat the sum as a penalty, and in case of the breach of a covenant to assess no greater damages than will compensate the obligee. [Gower v. Saltmarsh, 11 Mo. 271; Hathway v. Lynn, 75 Wis. 186; Wilkinson v. Cooley, 164 Pa. St. 41.] The memorandum provided for the payment of $500 if either party failed to perform his part of the contract. Crohn had bound himself in several covenants; namely, to keep the premises in repair, except ordinary wear, insure the building against loss by fire, furnish an abstract within thirty days and put a deed in escrow in the same time. It is not reasonable to say that $500 was to be forfeited absolutely for a breach of any of those conditions. If we were so to hold, we would have to say Crohn was bound to pay $500 if he failed to insure the property, though no loss occurred and the farm was turned over to Boulware with all the buildings intact. It will be observed that while there is a proviso that the insurance money should be liquidated damages to Boulware if a loss by fire happened, this proviso is independent of the requirement that the property be insured, which falls within the stipulation for a forfeiture of $500 for non-performance of the terms of the contract. Or, if the property was

very slightly damaged beyond ordinary wear, before delivery to plaintiff, Crohn would have been bound to pay $500, if the damages were liquidated. For these reasons we hold the proviso should be treated as penalty and that it only laid the defaulting party liable for the actual damages entailed by his breach. We rule further that the proviso did not render all the promises of the instrument severable and thereby deprive Boulware of a right to rescind for the breach of the provisos the parties had declared to be essential; to-wit, the time of the deposit of the deed, the furnishing of the abstract and the delivery of possession.

Though courts have differed widely in rulings on the character of reciprocal promises in contracts, in respect of being dependent or independent, they are united in holding that if a promise is a condition precedent, the right of rescission for a breach of it does not depend on the extent of loss or injury caused by the breach. Hence it would be an immaterial circumstance that Crohn's neglect to put the deed in escrow could have resulted in no loss to Boulware. This doctrine has been carried far. An instance is Filley v. Pope, 115 U. S. 231, wherein the agreement was for pig iron at a certain price to be shipped to defendant in St. Louis from Glasgow, Scotland, as soon as possible. The sellers bought the iron at a furnace equidistant from Glasgow and Leith and the furnace owner being unable to procure a vessel from the former port, shipped from Leith as soon as the shipment could be made. The failure to ship from Glasgow was held to afford the buyer good ground to rescind the purchase. In Bowes v. Shand, 2 App. Cas. 455, the contracts were for two shipments of three hundred tons each of Madras rice, to be shipped at Madras or coast during the months of March and April. Part of the rice was loaded in February, and though the evidence showed rice loaded on shipboard in February would be of the spring crop and as good as that loaded in March or

April, it was held the seller could maintain no action against the buyer for refusing to accept the shipment. Not all the cases can be reconciled with the rulings that those breaches were dependent promises, but all of them support the proposition that if the promises were dependent, breaches of them entitled the promisees to rescind. [Simpson v. Crippin, L. R. 8 Q. B. Div. 14; Freeth v. Burr, 9 C. P. 208; Brandt v. Lawrence, 1 Q. B. Div. 344; Fothergill v. Walton, 8 Taunt. 576; Morgan v. McKee, 27 P. F. Smith 228; Talmage v. White, 3 Jones & S. 218; Dunlap v. Petrie, 35 Miss. 590; Sawyer v. R. R., 22 Wis. 403.]

But a condition precedent may be waived by the party entitled to insist on its performance. [O'Fallon v. Kenedy, 45 Mo. 145; Estil v. R. R., 56 Mo. 282; Melton v. Smith, 65 Mo. 315; Dobbins v. Edmond, 18 Mo. App. 307.] If there was any evidence tending to show plaintiff waived performance of the agreement to deposit the deed in escrow within the time stipulated, the jury were entitled to weigh such evidence and it was error to instruct for a verdict for plaintiff. The contention for defendant is that plaintiff repudiated the contract, either because the land had depreciated in value between the date of the agreement to buy and the date when the sale was completed, or because the orchard was damaged; that in either event the omission to put the deed in escrow had no influence in causing him to rescind. The question at this point is not whether the breach of the promise to escrow the deed influenced plaintiff, but whether he waived the breach. The main obstacle to the defense of waiver is the apparent ignorance of plaintiff until March 1, 1904, when defendant tendered the deed to him, of the failure to escrow it. No evidence was adduced tending in the least to show plaintiff knew of this breach until the very day for the fulfillment of the contract. As he did not know of it, he could not have waived it by trying to sell the land, or saying nothing

about it when the abstract was furnished in February. [2 Page, Con., sec. 1495; Loudenbach Fertilizing Co. v. Phosphate Co., 121 Fed. 298.] Defendant's contention of waiver must turn on what was said when the deed was tendered; for no other incident relevant to this point occurred. Plaintiff's version of what was said then is no evidence of a waiver. It is that he told defendant the sale would not be completed because defendant had not complied with his contract; a statement broad enough to embrace the non-performance of the promise to put the deed in escrow. But defendant swore plaintiff gave as his reason for refusing to take the farm, that the orchard had been damaged. The precise question then on which the decision of the case must turn is this: Granting plaintiff said what defendant swore he said, was it evidence from which the jury rightly might have found plaintiff waived the breach of the agreement to escrow the deed? Waiver of a stipulation like this is a matter of intention and need not be supported by a consideration. [3 Page, sec. 1496; Griffith v. Gillum, 31 Mo. App. 33; Fairbanks v. Baskett, 98 Mo. App. 53, 71 S. W. 1113; Prentice v. Ins. Co., 77 N. Y. 483.] The only theory on which it can be argued that plaintiff's remark, as related by defendant, is evidence of a waiver of the breach of the promise about the deed is, that his reference to the condition of the orchard tends to prove he relied on that breach alone as ground for refusing to accept the farm. But plaintiff's remark was made when the deed was offered to him, when, as said, he was first apprised, so far as we know, that defendant had not escrowed it. He had known previously of the damage to the orchard. Now, because he did not instantaneously embrace both of defendant's delinquencies in his thoughts and so frame his words as to cover both, it is argued that he waived one; a very extreme inference. In cases against insurance companies to recover losses on policies, rather anomalous rules regarding waiver

have been applied. Some courts hold that by claiming a defense for the violation of a substantial term of the policy, an insurance company waives a defense based on failure to furnish proofs of loss in time; and this, though the assertion of a defense on the merits is not made until the time has elapsed for furnishing the proofs. In the best considered cases, the ruling amounted, in principle, to an estoppel on account of the insured being induced to make out proofs after the time had elapsed, or to sue on the policy in the belief that no defense for lack of proofs would be raised, or to take some other step entailing expense or trouble. [Taylor v. Ins. Co., 9 How. (U. S.) 391; Thwing v. Ins. Co., 111 Mass. 93.] We have seen no decision either on an insurance policy or other cause of action, which goes far enough to be a precedent for the ruling that plaintiff's alleged statement that he would not accept the farm because the orchard was damaged, tends to prove an intention to relinquish his right to rescind for failure to deposit the deed. Some decisive act is required when an intention to waive is to be deduced from conduct; and in cases like this, something signifying an election to go on with the contract notwithstanding the breach. [29 Am. and Eng. Ency. Law, p. 1103, and citations.] Plaintiff's remark could not and did not induce the defendant to alter his position for the worse in the smallest degree. It is true that waiver is a question of intention and not of estoppel. But what warrant is there for saying plaintiff intended to waive one breach because he mentioned, on the last day for concluding the sale, another breach which was material and, in itself, ground for rescinding the contract? It was out of defendant's power to cure his omission to perform, and plaintiff's words could have induced neither action nor non-action by defendant to the latter's injury. This matter is not like the instance of offering payment of a debt in a currency which is not legal tender; for, if the payee objects to the kind of

Boulware v. Crohn.

money offered, the debtor can renew the tender in the proper money. In our opinion the present question comes within the doctrine of Johnson v. Oppenheim, 55 N. Y. 280, 289. In that case the issue was whether or not the defendants were exonerated from paying rent for premises they held as tenants of plaintiff, by a surrender of the premises. Certain elements essential to a technical surrender were absent from the act asserted to amount to one, but plaintiff did not object to the form in which the surrender was tendered, but refused to accept any surrender. In discussing this point, ALLEN, J., speaking for the Court of Appeals of New York, recognized the doctrine often applied in regard to an alleged waiver, and particularly in actions on policies of insurance, that a party entitled to insist on performance of an act as a condition precedent to such party's liability, waives technical performance by denying liability *in toto*, instead of objecting to the mode in which performance was offered. But the court held this rule inapplicable to the facts presented, for the reason that the refusal to accept a surrender of the term without objecting to the form of the surrender attempted by the defendants, could in no way prejudice the latter. Other opinions enforcing the same principle as the foregoing and in point are: Hayden v. Grillo, 26 Mo. App. 289, and Burns v. Freling, 98 Mo. App. 267, 71 S. W. 1128. We hold it is not fairly to be inferred that plaintiff intended to waive defendant's failure to put the deed in escrow by saying he would not accept the farm because the orchard had been damaged.

The judgment is affirmed. All concur.