INTERNATIONAL TEXT-BOOK COMPANY, Appellant, v. LEWIS, Respondent.

St. Louis Court of Appeals, March 17, 1908.

1. **CONTRACTS: Fraud in Procuring Signature: Signing without Reading.** Where a party signed a contract without reading it, which contract contained a warning in bold type not to sign without reading and a statement that agents were not authorized to change the conditions printed in it, he could not afterwards evade it on the ground that he did not read it but signed it, believing statements of an agent that it contained other stipulations than those it actually contained.

2. ————: **Evidence: Oral Stipulation Engrafted in Written Contract.** When one is sued on a written contract he cannot show that a verbal stipulation made prior to the execution of the writing was engrafted upon the instrument.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED (*with directions*).

*O. L. Cravens,* with *D. C. Harrington,* for appellant.

The court should have given the peremptory instruction for plaintiff. The position of the defendant at the trial was that a verbal agreement had been made

with him by the agent of plaintiff whereby plaintiff was to furnish the instruments free with the tuition. According to his testimony this promise was antecedent to the drafting and signing of the contract. In these circumstances the plea that he did not read it, and that it does not contain the prior verbal agreement, comes too late to avail as a defense. Campbell v. Van Houten, 44 Mo. App. 231; Magee v. Verity, 97 Mo. App. 486; Catterlin v. Lusk, 98 Mo. 182; Robinson v. Jarvis, 25 Mo. App. 421; School District v. Insurance Co., 61 Mo. App. 597; Shanley v. Gas Co., 63 Mo. App. 123; Paris M'fg. Co. v. Carle, 116 Mo. App. 581; Powell v. Price, 111 Mo. App. 320; Insurance Co. v. Winn, 125 Mo. App. 384. "The written contract is conclusively presumed to merge all prior negotiations and to express the final agreement of the parties. To permit a party when sued on a written contract to admit that he signed it but to deny that it expresses the agreement he made, or to allow him to admit that he signed it, but did not read it or know its stipulations, would absolutely destroy the value of all contracts and negotiable instruments." Crim v. Crim, 162 Mo. 544; Silverschmidt v. Silverschmidt, 112 Ill. App. 58; Smith v. Rust, 112 Ill. App. 84. The above was quoted with approval and applied in a case similar to the one at bar in 98 Mo. App. 182. Tracy v. Iron Works, 29 Mo. App. 342, 104 Mo. 193.

*L. D. Rice* for respondent.

GOODE, J.—This plaintiff is an incorporated company doing business in the State of Pennsylvania. It conducts the International Correspondence Schools at Scranton. These schools furnish instruction in various courses of scholarship through correspondence. If a person purchases a scholarship certain papers, examination questions and other material are furnished him, the character of the supplies depending on the particular course of study he selects. A scholar is supposed

to send in written work done by him pursuant to the papers, to be examined by the officers and teachers of the schools. Among the branches taught is that of telegraph engineering, and on March 20, 1905, this defendant signed a written contract for a course in that branch or department of the schools. According to the contract, which we will not copy, he requested the plaintiff company to furnish him with a course of instruction in the subjects embraced in the telegraph engineering scholarship, for which he agreed to pay $84, less twenty per cent discount, or $67.20. The payments were to be made as follows: $5 at the date of the contract and $5 each month thereafter until the full price was paid. The contract states that said price included all charges for instruction on any subject of said course, until defendant was qualified to receive a diploma, provided he completed the course within five years; that it covered also all postage on papers, examination questions, drawing plates and corrected work sent by defendant to the schools and a complete set of instruction papers, examination questions in pamphlet form, and drawing plates used in teaching. These are all the terms of the contract which need be stated. On receipt of the application duly signed by defendant, plaintiff's officers accepted the contract, sent him the documents called for by it and the course began. Defendant made four payments on the price of the scholarship, to-wit, $20; then ceased to pay, quit the course and returned the papers he had received. His reason for doing this was that he requested some telegraph instruments, or some instruments he needed in connection with the course, for which plaintiff proposed to make a charge of $8, defendant says in violation of an agreement to furnish the instruments free made by its agent with whom he dealt. Defendant swore this agent told him if he would take a scholarship, he would get all necessary instruments free of any charge other than the

price of the scholarship. When defendant asked for the instruments he received a letter from the company saying the regular price was $20, but they would cut it to $8. In regard to signing the written contract he swore the agent of plaintiff with whom he dealt, filled out the blanks and defendant signed where the agent put his finger, but without reading the contract; though he was able both to read and write. On this testimony a judgment was entered for defendant, which must be reversed. The promise or statement of the agent that free instruments would be furnished to defendant, was in the teeth of the written contract, which enumerated what plaintiff company was to furnish in consideration of the price of the scholarship and instruments were not included in the enumeration. Defendant failed to read the contract before signing it, and this was gross negligence on his part. The very first line of it contained, in bold type, a direction to applicants not to sign the contract without reading it, and, further, that agents were not authorized to change the conditions printed in the blank contract. As defendant could have read the contract before signing it, and was not tricked into signing without reading, but, on the contrary, was warned to read, he cannot evade his promise on a pretense that its execution was induced by fraud. [Rothschild v. Frensdorf, 21 Mo. App. 318.] Defendant did not swear plaintiff's agent made any false representation regarding the contents of the written contract, but only that the agent agreed verbally the company would furnish instruments. If the agreement to furnish instruments free were in the contract as written, it is by no means clear that it would not be an independent stipulation, the breach of which would not sufficiently impair the consideration for defendant's promise to pay, to afford him a valid cause to abandon his contract. [Springfield Seed Co. v. Walt, 94 Mo. App. 76, 67 S. W.

938; Boulware v. Crohm, 122 Mo. App. 571, 99 S. W. 796.] It is certain he cannot engraft a verbal stipulation or promise, made prior to the execution of the writing, on the obligation created by the instrument. [Tracy v. Iron Works, 104 Mo. 193, 16 S. W. 203.]

The judgment is reversed and the cause remanded with a direction to enter judgment for the plaintiff. All concur.