## D. WILLIS v. J. C. BULLITT.

Although, under a plea of total failure of the consideration of the note sued on, a defendant may establish its partial failure, yet, if he has introduced no evidence from which such partial failure of consideration could have been found by the jury, he cannot complain that the court charged the jury, that they should find for the plaintiff, unless a total failure of consideration had been established.

No party can require more than that the court shall announce the law, with reference to such issue, as it is practicable for the jury to find a verdict upon, considering the evidence adduced in the cause.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

The facts are sufficiently stated in the opinion of the court.

*H. S. Parker*, for plaintiff in error.

ROBERTS, J. This is a suit on a note. The defendant below, Willis, answered that the note belonged to Hart, the payee, and that it was given for some barrels of paint; that he was induced to purchase the paint, by the false and fraudulent representations of said Hart, that it was paint of superior quality, and fire-proof; and that it "proved to be of no value, and entirely worthless." There was evidence tending to show, that it was of some value; and there was no evidence offered to show its diminution in value, below superior fire-proof paint. The court charged the jury to find for the plaintiff, unless they were satisfied that the paint was entirely worthless. This was the issue, which the defendant below had himself made, both in his pleading and evidence, and he has no right to complain that the court made no modification to the charge, because there was no evidence upon which to base it.

Admitting that a partial failure of consideration could have been established, under this plea,—after the defendant had shown the representation as to the quality of the paint, and that such representation was false,—his right to reduce the

amount of payment, as stipulated in the note, would be estab-
lished, although he might fail to show that it was entirely worth-
less.   Still, the extent of that reduction must be shown by
proof, just as if a partial failure had been alleged in the first
instance : and if he furnishes the jury with no evidence of the
amount of the reduction, there can be no use in requiring the
court to give them a charge, in relation to the reduction, by
which a partial failure of consideration could be found by them.

No party can require more than that the court shall announce
the law, with reference to such issue, as it is practicable for the
jury to find a verdict upon, considering the evidence adduced in
the cause.   That the court has done in this case.   The judg-
ment is affirmed.

Judgment affirmed.