## CHARLES BENDER AND JOSEPH LANDA v. OTTO FREIDRICH.

1. In a contract of sale which does not fix the time when it shall be consummated, where the notes for the consideration form part of the same transaction, the contract matures at the date fixed for the maturity of the notes.
2. Where the defendants plead, under oath, failure of consideration, specifically setting up the matter and manner of such failure, it is error to exclude testimony in support of such plea.

APPEAL from Guadalupe. Tried below before the Hon. Henry Maney.

Otto Freidrich loaned money to George Appmann, taking as security a deed of trust on a tract of land, and stock of cattle, mules and horses. The money not being paid at maturity, a trustee was appointed to sell the property, and Bender, the defendant, having seen the property, proposed to Freidrich to buy, who then took the property for his debt and sold to Bender, Landa becoming surety. The stock of horses and mules Freidrich guaranteed to number one hundred and fifty, and for each head short of that number eighteen dollars was to be deducted. Bender executed his three promissory notes for the payment of the money, and entered into an agreement to gather and drive the stock, and at the maturity of the notes render an account of the profit or loss, and pay Freidrich the notes either *minus* one-half the loss or *plus* one-half the profit. Bender failed to pay the notes, or to render an account, and Freidrich brought suit in Comal county. After three continuances on the part of the defendants, the venue was changed to Guadalupe county. The jury found for the plaintiff, and defendants appealed.

*Ireland & White*, for appellants, cited Boetge v. Landa, 22 Texas, 105; Gammage v. Alexander, 14 Texas, 418; Wells v. Moore, 15 Texas, 521; Muckleroy v. Bethany, 27 Texas, 551; Trebilcock v. Wilson, 12 Wallace, 687.

*W. B. Leigh*, for appellee.

McADOO, J.—There are twenty-eight assignments of error in this case. The most of them require no notice in this opinion.

The first error alleged which we notice is, that the court should not have sustained the motion to strike out that part of defendant's answer which set up the plea, that time should have been given the defendant in which to gather and sell the stock and make up the amount, and that this was a fact to be passed on by the jury.

We see no error in this ruling of the court. The contract, or deed of sale, and the note were parts of the same transaction. They must be taken and considered together. As the date of the maturity of the note was fixed at a certain time, it must be understood that the whole contract matured at that time.

It is assigned as error that the court overruled the motion for a fourth continuance.

We see nothing in the matters stated in the motion of such a character as to justify this court in invading the discretion of the District Court, conferred by statute in all cases after a second continuance.

That a case might arise which *would* justify this court in holding it to be error in District Court to overrule a fourth application for a continuance, we can well conceive; but we do not think this a proper case in which to do so.

The defendants plead, under oath, a failure of consideration, and specifically set up the matter and the manner · of such failure of consideration.

It was error in the court below to exclude testimony in support of that plea, and refuse charges based upon such plea and proof.

For this error, the judgment must be reversed and the cause remanded for another trial.

REVERSED AND REMANDED.