**CHRISTIAN et al. v. MOORE. (No. 2157.)**

(Court of Civil Appeals of Texas. Amarillo. June 6, 1923. Rehearing Denied June 20, 1923.)

**1. Sales ⇐68—Necessary parts held within general description of articles to be delivered.**

Supply pipes, a necessary part of toilets, the subject of the contract between the parties, *held* included in the general description of contract without the delivery of which the contract was not fulfilled.

**2. Sales ⇐218½—Facts held to show title passed to purchaser.**

The fact that the purchaser of personal property was to pay for storage, that he executed his note for the purchase price and gave a mortgage back on the property, and that the property was insured by him, *held* conclusive evidence of the intention of the parties to pass title to the purchaser.

**3. Sales ⇐197—Risk of loss of property stored by agreement on party having title.**

The risk of the loss of property stored with a warehouseman as between seller and purchaser is on the one who is vested with title, in the absence of an agreement to the contrary, and an agreement in the contract of sale for the storage of such property, though making the warehouseman a bailee for the benefit of both parties, did not cast the risk upon the seller.

Appeal from Wichita County Court; Orus O. Ross, Special Judge.

Action between B. H. Christian and others and B. A. Moore. From a judgment for the latter, the former appeal. Modified and affirmed.

Arch Dawson, of Wichita Falls, for appellants.

Cox, Fulton & Myers, of Wichita Falls, for appellee.

BOYCE, J. [1] The supply pipes were a necessary part of the toilets, the subject of the contract between the parties, and were included in the general description of the contract. The contract was not fulfilled without the delivery of such pipes. 35 Cyc. p. 100; note, 8 L. R. A. (N. S.) 793.

[2] We think the evidence shows that the title to the property passed to the purchaser on delivery thereof to the warehouseman. Irvin v. Edwards, 92 Tex. 258, 47 S. W. 719; Mechem on Sales, § 1185 et seq.; R. C. L. vol. 24, p. 14, § 274; also sections 276, 303; notes, 26 L. R. A. (N. S.) 47. The fact that the purchase was to pay for the storage, that he executed his note for the purchase price, and gave a mortgage back on the property, that he obligated himself to pay the storage charges and the property was insured by the purchaser, is conclusive evidence of the intention of the parties to pass the title to the purchaser.

---

[3] The risk goes with the title in the absence of contract to the contrary. Alsworth v. Reppert (Tex. Civ. App.) 167 S. W. 1098 (5). We do not think the agreement for storage cast this risk upon the vendor. The warehouseman was a bailee holding possession of the property for the benefit of both parties to the contract, and would, of course, be responsible for negligence in keeping and caring for it. But the bailee is not, properly speaking, a servant or agent of the bailor. 6 C. J. 1099; Mechem on Agency, § 5. However that may be, in this case the warehouseman was holding possession according to the letter of the contract as "joint agent" for both parties. Neither could be responsible to the other for the independent wrong of the bailee with reference to such possession. We hold, therefore, that the court was in error in rendering judgment for the value of the six bowls lost by the warehouseman. The facts show a reasonable excuse for the plaintiff's failure to inspect the property purchased and to discover the absence of the supply pipes at the time of delivery. See Ferguson v. Johnson (Tex. Civ. App.) 205 S. W. 512.

The judgment for appellee will be reduced in the sum of $48, and affirmed.