## PATTERSON v. YELLOW CAB MFG. CO. (No. 255.)

Court of Civil Appeals of Texas. Eastland. May 6, 1927.

1. **Contracts ⚖═32—Contract, not to be binding until written, is not binding, although terms have been agreed on orally.**

Where parties to contract agree and stipulate that it shall not be binding until evidenced by writing, there is no binding contract until it is executed in writing, although its terms have been agreed on orally.

2. **Sales ⚖═52(7)—Evidence held not to show fraud in execution of sale contract entitling buyer to rescind.**

In action by seller of cabs on note and to foreclose chattel mortgage, defended on ground of fraud in execution of sales contract, evidence of omitting from sale contract certain provisions which defendant claimed it was to contain *held* insufficient to establish defense of fraud and to entitle defendant to rescission of contract and cancellation of notes, especially in view of defendant's failure to read contract.

3. **Contracts ⚖═93(2)—In absence of fraud, misrepresentation, or concealment, one who can read, signing contract without reading it, may not afterward claim he did not read it and did not understand its provisions.**

In absence of fraud, misrepresentation, or concealment, one who can read, signing contract without reading it under circumstances which do not preclude exercise of due diligence on his part to ascertain its contents, may not afterward maintain that he did not read contract and did not understand its provisions.

4. **Chattel mortgages ⚖═278—Sales ⚖═52(5) —Written sales contract, complete on face, signed by defendant, held prima facie evidence of entire agreement.**

In action on notes given for cabs and to foreclose mortgage thereon, plaintiff's production of written sales contract, complete on its face, with defendant's signature attached, was prima facie evidence of entire agreement.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by the Yellow Cab Manufacturing Company against G. C. Patterson on notes and to foreclose a chattel mortgage. From a judgment for plaintiff, defendant appeals. Affirmed.

H. A. Leaverton, of Breckenridge, for appellant.

Goggans & Allison, of Breckenridge, for appellee.

LESLIE, J. About October 9, 1923, appellant G. C. Patterson, executed and delivered to appellee, Yellow Cab Manufacturing Company, a "customer's original order" for two taxicabs. There was a separate deal for each cab, but made upon the same terms and conditions, and delivery was simultaneous. Upon delivery of cabs Patterson executed to said company a series of notes in payment therefor and a chattel mortgage lien on the vehicles to secure the payment of the notes. This suit is by the cab company for judgment on the notes, with foreclosure of the lien.

The answer of Patterson consisted of demurrers, general denial, and sought rescission of the final sales contract and cancellation of the notes upon various grounds of fraud inducing him to enter into said contract and to execute and deliver the notes and mortgage. Failure of consideration, both total and partial, was alleged.

The fraud alleged consisted of false promises by one Calfee (plaintiff's sale agent) in this: That during the conversations preceding the order for the cabs, and at the time of the making thereof, the cab company (1) agreed to protect the defendant, Patterson, against all other colored cabs; (2) to secure franchise for the defendant from the railroad of exclusive soliciting privileges at the depot; and (3) to furnish operating and service engineer, etc.

Defendant alleged such promises were fraudulently made without any intention upon the part of the plaintiff to perform the same; that they constituted parts and parcels of the contract agreed upon between him and the agent; and that he relied upon such representations, acted upon same, and executed the notes in question; that the plaintiff failed to comply with said promises, and fraudulently omitted to incorporate the same in the provisions of the contract for the cabs which he later signed, and for which rescission is herein sought.

In a supplemental petition the plaintiff, among other defenses, specially denied the allegations of fraud, but alleged that, if any committed, the defendant was estopped to set up the same because of defendant's failure to exercise due diligence in ascertaining the contents of the contract at the time he received the same and accepted the delivery of the cabs, and further alleged waiver of fraud, if any, on the part of the defendant, in that he, after the discovery of the fraud, retained and used the cabs.

Upon the conclusion of the testimony, the trial court instructed the jury to return a verdict for the plaintiff. Judgment was en-

tered thereon, and from the action of the court this appeal is prosecuted.

Appellant presents various assignments of error to the court's action in so instructing the jury, as well as in its refusal to submit the case to the jury upon special issues tendered by the defendant, and which sought to present to the jury for its determination various alleged false promises made by the plaintiff's agent to the defendant, which induced him to enter into the contract, and which it was alleged plaintiff, at the time of the making thereof, had no intention of fulfilling.

[1] The negotiations leading to the sale of the cabs by plaintiff to the defendant occurred at Breckenridge, Tex., and were between Calfee, the agent of said company, and the defendant, G. C. Patterson. After somewhat prolonged negotiations, they reached a common understanding whereby the defendant executed the order referred to, of date October 12, 1923. That order contained the following provisions:

"It is understood that this order will be supplemented by a written contract drawn between the two parties, covering all details of the purchase and sale, in accordance with this order and subject to the standard provisions of seller's form contract.

"It is understood that this order shall not be binding until accepted in writing by the Yellow Cab Manufacturing Company, a corporation, notwithstanding that any deposit by the undersigned purchaser may have been made."

This excerpt from the order, as well as the testimony, evidence a mutual understanding between the plaintiff and the defendant that a written contract of the plaintiff's "standard form" should be the consummation of their negotiations looking to the sale and ultimate transfer of the title to the cabs, and it is elementary that under such circumstances there is no binding contract, where, although its terms have been agreed upon orally, the parties have also agreed and stipulated that it shall not be binding until evidenced by writing. Great Eastern Casualty Co. v. Thomas (Tex. Civ. App.) 178 S. W. 603; 6 R. C. L. p. 618, § 39; 13 C. J. p. 289, § 100; Atchison, etc., v. Smyth (Tex. Civ. App.) 189 S. W. 70; Dorsey v. Cogdell (Tex. Civ. App.) 210 S. W. 303.

[2] After the lapse of a few months, the cabs were ready for delivery, and the defendant went to receive the same and to execute the written contract contemplated by the parties and provided for in the order. The defendant, Patterson, testified that, upon reaching the office of the attorney for the plaintiff, he was delayed in procuring the contract, because the attorney was busy in court, but that, when he got access to the attorney, the written contract in question was delivered to him, and the negotiations at that time upon the part of said company through its agent and attorney can best be understood from the testimony of the appellant, which is as follows:

"When Mr. McCustion or McCutcheon, whatever his name is, presented me with these papers, he told me that was the contract, or part of the contract, for the yellow cabs to be delivered in Fort Worth under the original sale, or two sales, rather."

There is no evidence that the attorney, McCutcheon, was ever present during the negotiations between the defendant, Patterson, and Calfee, which led up to the execution of the original order in pursuance of which this contract was executed, or that he knew anything about such negotiations.

It is important to observe that appellant's contention of fraud and right to rescission is based upon the statements and representations made to him by said attorney, which he contends amounted to a statement and representation upon the part of him, and consequently the cab company, that the contract then delivered contained provisions covering the promises and covenants made to him by the agent in the negotiations and verbal understanding reached at the time, and leading up to the execution of the original order; that the contract did not contain such provisions; and that they had been fraudulently omitted therefrom, thereby entitling the defendant to the cancellation of the notes and rescission of the contract. In this connection appellant, Patterson, testified that, when the contract was handed to him, he did not read it, that he was acquainted with the financial standing and good business reputation of the Yellow Cab Company, and had confidence in them; that by reason of the statement of their attorney, and under the pressure of an impending change in the weather (in Texas), he signed and received the contract without reading the same or in any way undertaking to inform himself of its contents. He asked no questions concerning it, and alleges that he did not discover for several days thereafter that it did not contain all of the original provisions agreed upon and which formed the basis of his alleged right to rescission and cancellation. Upon his acceptance of the contract the cabs were delivered to him by the plaintiff.

We have carefully reviewed the testimony, and set out in substance the portions bearing upon the fraud alleged to have been committed by the plaintiff through its attorney at the time the contract in writing was delivered, and, taking the testimony in the aspect most favorable to the defendant, we do not believe that the attorney's action amounted to anything more than the mere delivery of the company's "standard contract" toward which the defendant's written order pointed, and we do not hold that the statements made

by the attorney, as testified to by the defendant, and quoted above, constitute on his part, or the plaintiff's part, fraudulent representations with reference to the contract or its contents, and' the acceptance of the contract by the defendant under the circumstances without reading the same was gross negligence upon his part. Morrison v. Insurance Co., 69 Tex. 353, 6 'S. W. 605, 5 Am. St. Rep. 63; International Text Book Co. v. Lewis, 130 Mo. App. 158, 108 S. W. 1119.

[3] In the absence of fraud, misrepresentation, or concealment, the rule is well established that one who can read and who signs a contract without reading it, and under circumstances which do not preclude an exercise of due diligence upon his part to ascertain the contents of the contract, will not be heard afterward to say that he did not read it and did not understand its provisions. As was said by the Supreme Court of the United States in Upton v. Tribilcock, 91 U. S. 45, 23 L. Ed. 203:

"It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, nor did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law. A contractor must stand by the words of his contract; and, if he will not read what he signs, he alone is responsible for his omission."

Other opinions announcing propositions of law applicable to the facts in this case are: National Equitable Soc. of Belton v. Carpenter (Tex. Civ. App.) 184 S. W. 585; Delaware Insurance Co. v. Harris et al., 26 Tex. Civ. App. 537, 64 S. W. 867.

[4] The production of the written contract delivered complete on its face with appellant's signature attached is prima facie the entire agreement. Since we have concluded from the evidence that the delivery thereof by the plaintiff's attorney was not accompanied by any act or statement amounting to a fraudulent representation or a reaffirmation of such a statement, if any theretofore made, it is concluded that the rights of the litigants herein are fixed by the terms of the contract, notes, and mortgage, and that the appellant is not entitled to a rescission and cancellation of the same.

It is unnecessary to discuss the different phases of alleged fraud advanced by the appellant and which would be pertinent were the appellant able to relieve himself of the written contract executed under the circumstances stated. He 'not being able to do so, it is unnecessary to consider the terms of the alleged oral contract and verbal negotiations leading up to the original order of October 9th.

It would seem that, under a proper construction of the testimony in this record, the judgment of the trial court could be upheld on still another ground. The appellant, Patterson, testified:

"After I wrote to the Yellow Cab Company in March, telling them the cabs were there subject to their order, one' of them would possibly not move all day, and the other one would move three, four, or five times a day from the date of my letter, March 26th, until the cabs were sequestered on June 25th—these cabs were practically new when they were turned back, except ordinary depreciation and wear and tear."

There is considerable testimony of like nature supplementing 'that just quoted and bearing upon the use made by the appellant of the cars after he notified the appellee that he was determined to rescind the contract. The point is not briefed by the' appellee, and the testimony is not extensively quoted, nor shall we discuss the law applicable thereto, but in the cases of J. B. Colt Co. v. Head (Tex. Com. App.) 292 S. W. 198, and in Dalton Adding Machine Sales Co. v. Wicks (Tex. Civ. App.) 283 S. W. 642, under a state of facts in each, strikingly similar to the facts in this case, the purchaser was held to have waived his right to rescind after having used the machine to an extent analogous to the use made by appellant of the vehicles in this case. However, this opinion is based upon the principles announced in' the other paragraphs hereof.

We have considered the assignments by appellant and ' reviewed all the authorities cited in his brief, but we believe that the principles announced in this opinion govern the disposition of this appeal, and the assignments are overruled, and the judgment of the trial court is affirmed.