### KELSAY LUMBER CO. v. CROWELL. (No. 12101.)

Court of Civil Appeals of. Texas. Fort Worth. March 16, 1929.

Rehearing Denied May 11, 1929. Leave Granted to File Second Motion for Rehearing and Motion Overruled May 25, 1929.

on to secure the payment of the note; and the lumber company agreed to furnish the lumber and building materials to be used in the construction of the house, as shown in an itemized statement of the material, whenever directed so to do by Crowell. The contract further recited that it was made prior to the furnishing and delivery of the building material by the lumber company.

This suit was instituted by the Kelsay Lumber Company to recover the sum of $300, the balance alleged to be due on said note after allowing a credit of $900, which plaintiff alleged had been paid, and also to foreclose the lien so given on the premises.

Z. B. Stevenson intervened in the suit, claiming title to an undivided one-half interest in the lot mentioned above by quitclaim deed procured after the suit was instituted, which interest was alleged to be superior to the alleged lien of plaintiff, and recovery of title to such interest was sought to the exclusion of such alleged lien.

The defendant, Crowell, did not file any plea of failure of consideration, but relied only upon a plea of estoppel against the plaintiff, as indicated in the findings of fact filed by the trial judge, which plea was sustained by the trial court, and by reason thereof, and by reason of the further finding of full payment for all material furnished to the defendant, plaintiff was denied any recovery. From that judgment plaintiff has prosecuted this appeal.

The facts so pleaded and found by the trial court as constituting an estoppel against plaintiff to recover may be briefly stated as follows:

The defendant, Crowell, gave to W. R. Petty the contract to build the house with the material to be furnished by the lumber company. The Kelsay Lumber Company and Petty each took out a fire insurance policy on the house to be constructed; the policy in favor of the lumber company being issued by the Union Fire Insurance Company to secure the beneficiary against loss of the building material to be furnished; and the policy in favor of Petty being issued by the Home Insurance Company to secure him in the payment of the price for which he had contracted to build the house. Each of these policies was taken out at the expense of the beneficiary and without expense to Crowell. The policy in favor of the Kelsay Lumber Company was issued first, and the policy taken out by Petty was issued thereafter without any knowledge on his part that a policy had already been issued in favor of the lumber company. The house was destroyed by fire before it was completed. After the fire, Petty assigned his interest in the property in controversy and also his insurance policy to Z. B. Stevenson, who sued the Home Insurance Company to recover the full amount of the

A. C. Heath, Chas. T. Rowland, and Mack & Mack, all of Fort Worth, for appellant.

Houtchens & Clark, of Fort Worth, for appellee.

DUNKLIN, J. T. M. Crowell executed a promissory note in the sum of $1,200 in favor of the Kelsay Lumber Company for the purchase price of lumber to be used in the construction of a house on a lot owned by Crowell in the city of Fort Worth. Contemporaneously with the execution of the note, the Kelsay Lumber Company and Crowell executed a written contract, by the terms of which the lumber company was given a lien on the lot and the improvements to be placed there-

policy, to wit, $2,000. Houtchens & Clark were the attorneys who represented Stevenson in the suit, and Houtchens, one of the members of the firm, was also authorized by Crowell to look after the latter's interest relative thereto, but no pleadings were filed for Crowell in the suit.

The Home Insurance Company resisted the suit so filed, upon the ground that there had been double insurance on the property without its consent. Negotiations were then begun between the attorneys for the respective parties, and in which a representative and also an attorney for the Kelsay Lumber Company participated. The attorney for Stevenson refused a compromise settlement with the Home Insurance Company unless a sufficient amount was paid by that company to not only pay Stevenson, but also pay the Kelsay Lumber Company in full, and such refusal on that ground was made known to the agent and also to the attorney of the lumber company, who thereupon agreed that the lumber company would look solely for payment of its debt to the Union Fire Insurance Company under the policy issued by it to the lumber company, and that an agreement for settlement in full of the Kelsay Lumber Company's debt by the Union Fire Insurance Company had in fact been agreed to. Thereupon Houtchens, as attorney for Stevenson, settled with the Home Fire Insurance Company in full on the policy issued by it for the sum of $500, but would not have made such settlement but for the statement theretofore made by the attorney of the Kelsay Lumber Company that the latter company would look to the Union Fire Insurance Company solely for the payment of its debt.

The Kelsay Lumber Company received from the Union Fire Insurance Company, in settlement of the policy that it had issued upon the property, the sum of $967.17; that settlement being made after the compromise settlement of the suit against the other insurance company.

The account of the Kelsay Lumber Company against Crowell for the lumber and building material sold to him, at the price charged by the seller, amounted to only $818, which was $149.17 less than the amount actually collected by it on the policy issued to it by the Union Fire Insurance Company. The amount so collected was credited by the Kelsay Lumber Company to the account of Crowell for the building material which he had purchased from it, and this suit was instituted for the difference between that credit and the face value of the promissory note sued on which had been executed by Crowell. As stated above, the trial judge denied plaintiff a recovery on two grounds, the first of which was on the plea of estoppel, referred to above, and the second on the ground that the actual indebtedness of Crowell to the Kelsay Lumber Company for building material purchased by him had been fully paid.

■ It is our conclusion that the facts pleaded by Crowell and found by the trial court as constituting an estoppel against plaintiff were not sufficient to defeat plaintiff's recovery on that ground, since there was no showing that Crowell sustained any loss or inconvenience, or suffered any damage whatsoever by reason of the Kelsay Lumber Company's consent to the compromise agreement of the suit by Stevenson against the Home Fire Insurance Company. Crowell had no interest and paid no consideration for either of the two fire insurance policies. He had no legal right to control or in any manner dictate terms upon which either of the two claims based on those policies should be settled. Notwithstanding that fact, he received full credit for all that was collected on the two policies, and therefore could not have been in any manner prejudiced in any legal right by reason of the facts relied on by him to support his plea of estoppel. However, we have reached the conclusion that the judgment should be affirmed, first, because plaintiff failed to establish a right of recovery under and by virtue of the terms of the contract sued on; and, second, on the ground that it had been fully paid for all the lumber sold by it to Crowell, as found by the trial judge.

■ As noted above, plaintiff's suit was based both on the promissory note executed to it by Crowell and on the contract executed by it and Crowell contemporaneously with and as a part of the promissory note. The contract embodied all the terms of the note, and its terms conclusively show an executory contract on the part of plaintiff to furnish lumber and building material in accordance with an itemized statement of the account for the same which had already been agreed upon by the parties, which material was to be furnished by the plaintiff after the execution of the contract and note; and, in consideration for the lumber to be so furnished by the lumber company, Crowell agreed to pay the amount stated in the note. The note itself recites that the consideration therefore was the agreement of the lumber company to furnish the lumber in accordance with the separate written contract, which was specifically referred to in the note. Hence, under well-settled rules of construction, those instruments must be read together as constituting one entire contract which was executory on the part of both parties, and was not such an instrument as required the defendant to file a verified plea that it was without consideration or that the consideration of the same had failed in whole or in part under the provisions of article 2010, Revised Statutes of 1925, as a condition precedent to the defendant's right to resist plaintiff's suit on account of its failure to comply with the obligations under the contract referred to above. Nor was the plaintiff relieved of the burden to make out its case in the first instance by

showing a compliance by it with the terms of the contract upon which the suit was based. Not only did the plaintiff fail to either plead or prove performance of its obligation plainly stipulated in the contract sued on, but the facts developed on the trial conclusively show that the plaintiff had been overpaid for the building material actually furnished to Crowell; and it would be wholly inequitable to allow a further recovery on the same contract.

Accordingly, the judgment of the trial court denying plaintiff a recovery, and vesting an undivided half interest in the title to lot 1, block 5, Walker's addition to the city of Fort Worth, in Z. B. Stevenson, is affirmed.

### On Motion for Rehearing.

In Ruling Case Law, vol. 3, p. 834, it is said: "The essential requisites of a promissory note are an unconditional promise to pay money, a fixed time for payment, and a definite amount to be paid. No contract or agreement is a promissory note, either negotiable or nonnegotiable, which does not provide for payment absolutely and unconditionally. If payment depends on a contingency which may never happen, it is not a promissory note. So an instrument in writing, whereby one party agrees to pay the other a certain sum of money on or before a given date on the completion by the promisee of certain work agreed to be performed for the promisor is not a promissory note. And an instrument acknowledging a certain sum to be due and payable when a suit in litigation is settled is not a promissory note."

And again on page 870: "When instruments are executed at the same time, for the same purpose, and in the course of the same transaction, they are to be considered as one instrument, and are to be read and construed together as such. So, it is well settled that a bill or note and a contemporaneous written instrument intended to control the bill or note, made between the same persons, may be read and construed together as if one in form."

To the same effect, Lane Co. v. Crum (Tex. Com. App.) 291 S. W. 1084, and authorities therein cited.

What is termed as the "materialman's note," upon which plaintiff sought a recovery, following a stipulation for the payment of $1,200 on or before the 19th day of December, 1925, contains this provision: "This note is given for the purchase price of certain lumber and materials bought by the makers hereof from the Kelsay Lumber Company and to secure the payment of which the Kelsay Lumber Company has been granted a lien upon the following described property located in Tarrant County, Texas: Lot No. One (1), Block No. Five (5), of the Walker Addition to the City of Fort Worth, Tarrant County, Texas, which lien is evidenced by contract and

deed of trust executed by the makers hereof, on the above described property, to which reference is here made, and the same is made a part hereof, and this obligation is subject to all the terms and provisions of said contract and deed of trust."

The materialman's lien, executed contemporaneously with that document, recites that the Kelsay Lumber Company agreed to sell and deliver to the maker of the note the lumber and material for making the improvements on the property "in accord with figured bill, the selling price of which aggregates the sum of $1200.00. * * *" It also recites that Crowell had at the same time executed a note to the Kelsay Lumber Company in the sum of $1,200, payable on or before the 19th day of December, 1925. Then follows, among others, the following provision:

"This contract having been entered into prior to the furnishing or delivery by the said company of any of the contemplated lumber or materials, and for the consideration aforesaid, it is further mutually agreed between the parties hereto as follows:

"The company agrees that any material delivered hereunder and found to be either excessive or not necessary in the construction of the improvements herein referred to, may be returned by the owner, if in as merchantable condition as when delivered to said company, and said company agrees to give the owner credit therefor on said owner's obligation at the invoice price of any such material."

Both of those documents were alleged in plaintiff's petition and relied on as a basis for a recovery, and therefore, under the authorities above cited and many others which might be cited to the same effect, they clearly show that the obligation to pay $1,200 to the Kelsay Lumber Company was not a promissory note either negotiable or nonnegotiable, in that it was not a definite and unconditional promise to pay the sum of $1,200. While the contract evidenced by the instrument denominated as a materialman's lien does not specifically require the lumber company to furnish the lumber before the maturity of the note, yet that obligation was clearly implied from the quoted provision, to the effect that the maker of the note would be entitled to a credit on his obligation for any lumber returned. It follows, therefore, that article 5933, Revised Statutes of 1925, to the effect that, in a suit upon a negotiable instrument, it will be presumed that the same was executed upon the valuable consideration paid, has no application.

Since the obligation sued on was neither a negotiable nor nonnegotiable note, and that document in connection with the mortgage lien executed at the same time constituted a mere contract which was executory on the part of both parties, the lien contract implying the same obligations as implied in

the promissory note, the burden was on the plaintiff to plead and prove that it had performed its part of the contract, as a condition of its right to recover thereon, to the same extent as would be required in a suit upon any other executory contract.

Furthermore, the facts alleged in defendant's plea of estoppel and the evidence introduced to support the same without objection on the part of appellant showed that plaintiff had been overpaid, and, although a plea of estoppel was predicated on those facts, the answer further contained a prayer for general relief, and under that prayer, and independently of reasons first stated above, the defendant should be given the benefit of such plea and evidence showing that the plaintiff had been overpaid; otherwise a manifest injustice would be done. As said in an opinion by the Commission of Appeals in Camden Fire Ins. Ass'n v. Sutherland, 284 S. W. 927, 930: "No court in the world would permit the Murray Company [mortgagee] to keep the proceeds of the Lloyd's policy and then collect the mortgage indebtedness from Sutherland [mortgagor]."

The motion for rehearing is overruled.