**THRIFT PACKING CO. v. ROYAL MFG. CO.**

**No. 3761.**

Court of Civil Appeals of Texas. Texarkana.

Jan. 23, 1930.

Rehearing Denied Feb. 6, 1930.

Lynn B. Milam and J. Hardy Neel, both of Dallas, for appellant.

Saner, Saner & Jack, of Dallas, for appellee.

**HODGES, J.**

This suit was filed by the appellees Bolton, Krapp, and Rook, doing business under the partnership name of Royal Manufacturing Company, against the Thrift Packing Company, for the purpose of recovering judgment on three promissory notes, aggregating $2,750, executed by the defendant. The notes were dated October 12, 1926, and were due January 30, 1927, March 30, 1927, and April 30, 1927, respectively, each bearing interest at the rate of 10 per cent. per annum from date. In addition to a general demurrer and a general denial, the Thrift Packing Company filed a special answer alleging as follows:

"III. That for answer, if same be necessary, defendant says that prior to the execution and delivery of the said notes sued on by plaintiffs the defendant purchased from the plaintiffs certain merchandise, consisting mainly of Royal Thermic Jugs, and more particularly described in plaintiffs' supplemental petition which is here referred to and made a part hereof for all necessary purposes, upon terms and conditions, written and oral, agreed to and entered into at the time by and between the plaintiffs and defendant, whereby the plaintiffs, acting by and through their duly authorized agent,—— Cleverdon and Boylen Lindstrom Sales Company, agreed orally that if the defendant would purchase and keep in its possession a large supply of the said merchandise, that the plaintiffs would, at any time, when requested to do so by the defendant, take back any of said merchandise which the defendant might be unable to sell or dispose of, and would take same back, repurchase same, at invoice prices, that being the same price at which said merchandise was sold to the defendant, and would credit the account which the defendant might owe the plaintiffs with such merchandise returned; that the plaintiffs, at and prior to that time, had maintained in the City of Dallas a warehouse for the purpose of storing their merchandise, consisting mainly of Royal Thermic Jugs, and the agent hereto-

fore named was at that time and prior thereto in full charge of the said warehouse and the merchandise stored therein, acting for the plaintiffs, and the said agent represented to the defendant that the plaintiffs were going to discontinue the warehouse and the great supply of Thermic Jugs which they had theretofore kept in store, and induced this defendant to take a large supply of said merchandise, but agreed for and in behalf of the plaintiffs, with the defendant, that the plaintiffs would, as heretofore alleged, take back any part or all of the merchandise delivered to it if requested to do so, and at the agreed price heretofore stated.

"That relying on the agreement and contract as above stated, with the plaintiffs, the defendant authorized plaintiffs to ship to it a large supply of merchandise, as set out in plaintiffs' supplemental petition, to-wit, $1.70 per article, itemized in plaintiffs' supplemental petition; that soon after the above shipments were made to the defendant the plaintiffs began to sell similar merchandise to any one desiring to purchase same, at a very much reduced price from that specified in the shipment to this defendant, and thereby caused the market value of said merchandise to greatly decrease, and the defendant was therefore unable to sell the Thermic Jugs at a price equal to the amount paid therefor.

"IV. That the defendant thereafter, the exact date being unknown to it, requested the plaintiffs, by requesting their said agent, —— Cleverdon, and by writing the plaintiffs a letter, and by requesting their duly authorized agent, Mr. Knapp, who was sent here to discuss the matter with this defendant by the plaintiffs to take the Thermic Jugs which the defendant had been unable to sell, to-wit, 2000 of said Royal Thermic Jugs, but the plaintiffs failed and refused to do so, although they and each of them had theretofore agreed to do so; that the Thermic Jugs, which were tendered back to the plaintiffs by requesting them to accept same and by offering to deliver them to the plaintiffs, are not now worth, on the market, more than 75¢ each, that the reasonable market value of said jugs was, at the time the defendant requested the plaintiffs to take same back, and is now, 75¢ each, and the defendant has now in his possession 2000 Royal Thermic Jugs, which he has requested the plaintiffs, and now requests them, to take back and allow him credit on same at $1.70 each, as heretofore agreed by and between plaintiffs and defendant.

"V. That at the time the notes sued on were executed the defendant discussed with the plaintiffs' said agent the contract and agreement heretofore alleged, which had been entered into and agreed to by and between the plaintiffs and defendant, and it was at that time reaffirmed and agreed that the same provisions heretofore stated should remain in force and effect and that the notes executed would not in any manner or form change the contract and agreement of the plaintiffs to take back such Thermic Jugs at any time requested by the defendant, and with this agreement and understanding defendant executed the said notes.

"VI. That the said agent heretofore named, at the time the orders for said jugs were given, promised and agreed that in the event the defendant should elect, plaintiffs would take any merchandise so sold the defendant and not needed by it off defendant's hands, at the invoice cost thereof, as heretofore alleged, or would transfer to defendant's sales territory, to cover any of such merchandise which defendant did not desire to keep and pay for; that had not such representations been made by the plaintiffs and accepted by the defendant in good faith, this defendant would not have placed said orders for such merchandise with plaintiffs and would not have later executed the notes sued on; that defendant has, as heretofore stated, tendered to plaintiffs merchandise of plaintiffs sufficient in amount, at invoice cost, to liquidate and discharge the alleged notes sued upon by plaintiffs herein, but plaintiffs have wholly failed and refused to comply with their promises and agreements to accept such merchandise to take same back & repurchase same, to defendant's damage in the sum of Thirty-Five Hundred and No/100 ($3500.00) Dollars."

To that answer the appellees filed a general demurrer and several special exceptions, which were sustained by the court; and, upon appellant's refusal to amend, that portion of the answer was stricken out. The case was then tried before the court without a jury, and a judgment was rendered in favor of the appellees for the amount sued for. The only question presented in this appeal is, Did the court err in sustaining the demurrers to the appellant's special answer setting up the parol agreement?

Among the objections urged in the special exceptions are the following: That this answer was an attempt to plead a failure of consideration, and is not verified as required by the statute; that it undertakes to impeach a written contract by setting up a contemporaneous parol agreement. We are of opinion that the special answer of the appellant is, in legal effect, a plea setting up a failure of consideration. According to the facts alleged, appellant's agreement to purchase the merchandise and execute the notes for the purchase price was induced by two considerations—one the value of the merchandise sold and delivered; the other the promise of the seller to take back such of the goods as proved unsalable, and to enter a corresponding credit on the notes. It seems to be well settled by good authority that a failure to

perform a concurrent parol promise made at the time a note is executed, and which constitutes the whole or a part of the consideration for the note, may be pleaded as a defense to a suit on the note. Watson v. Rice, (Tex. Civ. App.) 166 S. W. 106, 108; Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Gandy v. Weckerly, 220 Pa. 285, 69 A. 858, 18 L. R. A. (N. S.) 434, 123 Am. St. Rep. 691; 1 Greenleaf on Evidence, § 284a, page 413; 10 R. C. L., page 1059.

■ In Watson v. Rice, referred to above, the defense was that the seller agreed to take back the property for which the notes sued on were given. The court held that, although the promise to take back that property under the conditions mentioned was oral, it was a permissible defense to a suit on the notes. It is there said:

"If Watson had sued upon the notes it is clear that the appellee could have pleaded failure of consideration and interposed the defense that the machine did not fulfill the warranty; and, in our opinion, the appellee's position is not altered for the worse because he has been forced to pay off the notes and now seeks to recover, basing his action upon fraudulent representations and the agreement above set out."

The author of Ruling Case Law uses this language:

"The existence of a contemporaneous parol agreement between the parties under the influence of which a note or contract is signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted."

It is equally well settled that a concurrent promise of the payee to do something for the benefit of the payer is alone sufficient to constitute a valuable consideration for a promissory note. Pope v. Hays, 19 Tex. 376; James v. Fulcrod, 5 Tex. 512, 55 Am. Dec. 743; Gale v. Harp, 64 Ark. 462, 43 S. W. 144; 1 Elliott on Contracts, § 231, and numerous cases referred to in the notes.

■ Our statute requires pleas setting up a failure of consideration to be sworn to, and that was not done in this instance. Appellant seeks to evade that objection by saying that its special answer should be treated as a counterclaim seeking affirmative relief, and

not as a plea in bar of the suit on the notes. The pleading appears as a part of appellant's amended original answer which contains a general demurrer and a general denial. The next paragraph after the general denial begins: "That for further answer, if same be necessary, defendant says that prior to the execution and delivery of said notes sued on by plaintiffs the defendant purchased of the plaintiffs certain merchandise," etc. Then follow the averments which have heretofore been quoted. The pleading ends with a prayer "that plaintiffs' suit herein be dismissed, and that defendant go hence without day and with its costs; that defendant recover judgment against plaintiffs for breach of contract in the sum of $3500.00," etc. It thus appears that the special answer had all the essentials of a plea of failure of consideration in bar of the action on the notes. The only evidence that it was intended as a counterclaim is found in the prayer for relief. But the real nature of the pleading must be determined by the facts it states, not by the particular form of the prayer for relief. If those facts are sufficient to show a failure of consideration, they must be given their legal effect and be treated as a plea in bar of the suit on the notes. In 1 Elliott on Contracts, § 254, the author says: "The failure of a party to a contract to fulfill his promise to do or refrain from doing some act before the other party is obligated to perform, is a failure of consideration and relieves such other party from performing." In this case, the appellant pleaded, in substance, that the plaintiff, in order to induce it to purchase the goods, promised to relieve the defendant of those which it was unable to dispose of, and to enter a corresponding credit on the purchase price. The refusal of appellee to comply with that promise would leave on appellant's hands a quantity of unsalable merchandise, for the purchase price of which it was being held responsible. If a breach of that concurrent oral agreement may be made the basis of an action for damages, certainly the same consequences, under the facts alleged, constitute a failure in part of the consideration which induced the appellant to execute the notes. We are of the opinion that the pleading should be here treated as a plea in bar, and is subject to the objection that it was not sworn to as required by statute.

The judgment will be affirmed.