## DANIEL v. FRY.
### No. 11603.

Court of Civil Appeals of Texas.
San Antonio.

May 1, 1946.

Rehearing Denied May 29, 1946.

Oxford, Oxford & Ramsour, of Edinburg, and John Dawson, of Sinton, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

NORVELL, Justice.

This suit was brought by W. F. Daniel against S. L. Fry. A direct attack in equity was made upon a money judgment theretofore rendered in favor of Fry and against Daniel. The case was tried to a jury and the court rendered judgment in favor of Fry and refused to set aside its former judgment.

Fry, the appellee here, by his first three counter points, presents the contention that the judgment should not be reversed for the reason that no motion for new trial was filed in the trial court.

Rule 324 Texas Rules of Civil Procedure, was amended by order of March 31, 1941, by adding an additional paragraph thereto. The wording of this paragraph was changed in certain particulars by a further amendment effective December 31, 1941, and now reads as follows:

"Rule 324. Prerequisites of Appeal. In all jury cases tried in the county or district court, where parties desire to appeal from a judgment of the trial court or to sue out a writ of error, if the judgment of the court is rendered five days or more before the adjournment of the court for the term, or, if, upon request or for any other reason, the court continues the term so as to cover a period of five days from the rendition of a judgment, a motion for new trial shall be filed. It is the object of this rule to require a motion for new trial to be filed as a prerequisite to an appeal in all cases unless the case is tried before the court without a jury, or a peremptory instruction is given in the case, or the appeal is based upon some error arising after the action of the trial court upon the motion for new trial, or unless there is not full five days' time from the rendition of the judgment to the adjournment of the court for the term. Provided, however, that when the judgment is rendered non obstante veredicto, or notwithstanding the jury finding on one or more special issues, the appellee may complain of any prejudicial error committed against him over his objection on such trial. A motion for new trial shall not be necessary in behalf of appellee, except where he complains of the judgment or a part thereof.

"An assignment in a motion for new trial shall not be a necessary prerequisite to the right to complain on appeal of the action of the court in giving an instructed verdict, or in withdrawing the case from the jury and rendering judgment, or in rendering or refusing to render judgment non obstante veredicto, or in overruling a motion for judgment for appellant on the verdict."

The judgment of the trial court was rendered on November 30, 1945, and the

term of court expired on February 25, 1946. There appears in the transcript an instrument styled "Plaintiff's Motion for Judgment," which was filed on October 18, 1945. Whether this motion be properly classified as a motion for judgment non obstante veredicto, a motion to disregard a Special Issue Jury Finding (Rule 301, R. C. P.), or a motion "for judgment for appellant on the verdict," is a matter we need not here decide, as the transcript fails to show that this motion was called to the trial court's attention and a ruling had thereon.

The judgment appealed from, after setting forth the jury's findings, proceeds as follows:

"It appearing to the Court from the answers of the jury, under the instructions of the Court, and the evidence heard, that the plaintiff is not entitled to the relief prayed for by him.

"It is therefore, Ordered, Adjudged and Decreed by the Court that the plaintiff, W. F. Daniel, take nothing by his suit against S. L. Fry, to set aside the judgment entered in Cause No. 5315, S. L. Fry vs. W. F. Daniel, entered in this Court on the 25th day of October, 1940, and it is ordered that said judgment shall remain in full force and undisturbed."

The trial court in rendering judgment proceeded in accordance with Rule 300, R. C. P., which authorizes the court to render judgment upon a jury verdict upon its own motion. This rule reads as follows:

"Rule 300. Court to Render Judgment. Where a special verdict is rendered, or the conclusions of fact found by the judge are separately stated the court shall render judgment thereon unless set aside or a new trial is granted, or judgment is rendered notwithstanding verdict or jury finding under these rules."

Not only does the transcript fail to show that appellant's motion was called to the attention of the court and a ruling made thereon, but none of appellant's points refer to or are based upon any action of the trial court taken with reference to said motion.

The purpose of Rule 324 is to insure that grounds of error which are to be made the basis of a reversal by an appellate court shall first be called to the attention of the trial court, in order that such errors may be corrected without the delay and expense of an appeal.

We conclude that in view of the record, appellee's first, second and third points must be sustained. This necessitates an affirmance of the judgment, and it is accordingly so ordered.

Affirmed.