PRODUCERS INV. CORP. v. SPEARS.

No. 15158.

Court of Civil Appeals of Texas.
Fort Worth.
Sept. 15, 1950.

Dalton & Moore, of Dallas, for appellant.

John W. Moore, of Jacksboro, for appellee.

SPEER, Justice.

This is an appeal by Producers Investment Corporation from an adverse county court judgment, wherein it sued Mrs. Jean Spears, a feme sole, to recover a balance unpaid on an installment note and to foreclose a chattel mortgage lien on a popcorn vending machine.

Appellee Mrs. Spears defended under allegations of a general denial and specially that she purchased the machine from "Min-it-Pop Corporation" through its agent and that the contract of sale was procured from her under false and fraudulent representations of the agent, that she relied upon such representations, that they were false and known to the agent to be false and but for which she would not have signed the contract. Special allegations of fraud were

substantially that (1) the agent represented to her that the machine was fully guaranteed for a period of 365 days from the date of purchase; and (2) that the seller would keep the machine in good repair for 365 days without expense to her, and that if it did not function properly seller would install one that would. That during said period the machine had gotten out of repair at least four or five times and the seller sent repairmen each time and repaired it, but before the expiration of the guaranty period it again failed to function and the seller refused to repair it, and then appellant notified her it had taken an assignment of the balance unpaid and demanded payment. That she advised appellant that if it would perform its contract of guaranty she would continue payments; that it failed and refused and she declined to make further payments. As a part of her answer she attached as exhibits the several instruments claimed by her to constitute the contract and plead alteration of the contract sued on and its invalidity on that account, in that both or all of the instruments executed at the time the sale was made constituted the contract and that the instrument sued on had been detached from other parts, thus materially changing the obligation she had incurred. She prayed that plaintiff take nothing, that the instrument sued on be canceled, and that she recover damages (for payments made and expenses incurred) in the sum of $581, and for general relief.

Appellant specially excepted to each and all of the allegations of fraud made by appellee upon the grounds that they were not such as would go to an avoidance of the written contract subsequently executed and plead by her; that such allegations were attempts to vary the written terms of the contract and such allegations presented no grounds for avoidance of the contract in the absence of allegations that she was fraudulently prevented from knowing the contents of the instruments she signed. These exceptions were overruled by the court.

The original transaction involved a sale made by Minit-Pop Corporation to appellee of a popcorn vending machine. Minit-Pop Corporation will be referred to as "seller"; that corporation is not a party to the suit before us. The sale was consummated by a written contract comprising three instruments, the first instrument is captioned "Sales Contract"; the second, "Conditional Sales Contract," referred to in the first instrument as the "Schedule of Deferred Payments." Third instrument is captioned "Installation and/or Delivery Certificate." All of said instruments are dated June 26, 1948, but the last mentioned one refers to the first two as bearing date of *January 26, 1948.*

Appellant as assignee of the seller instituted this suit alone upon the second mentioned instrument or part of the whole contract, i. e., upon the Conditional Sales Contract, which in the main was the schedule of deferred payments referred to in the first mentioned part or instrument called the Sales Contract. It provides for the retention of title of the machine by the seller until all payments were made; in short, it is in effect, among other things, a chattel mortgage lien on the vending machine. It is not contended by appellant that the instrument sued on is a negotiable one. Part of the contract sued on contains several matters deemed material in this appeal. Among its provisions we shall merely mention the substance of some and others will be quoted. It provides that the total price to be paid by appellee is $692.50; cash paid at purchase, $225, and for ten installments of $39 each, the first payable on July 26, 1948 and a like amount on the 26th of each succeeding month until all are paid, and for a final installment of $38.50. It contains an optional accelerating maturity clause. It further provides that the contract contains all agreements and promises made between the parties and excludes oral and parol agreements between them and recites that "all goods purchased hereunder are bought by the purchaser in sole reliance on and subject to the manufacturer's warranty." The seventh paragraph of the instrument sued on reads as follows: "The Purchaser admits notice of the intended assignment of this contract and agrees that if this contract be assigned Seller shall not be deemed the agent of Assignee, and all payments shall

be made to assignee or its agents absolutely, hereby waiving all rights now or hereafter existing in Purchaser's favor against Seller to make any defense, counterclaim or offset to any demand or action brought by assignee to recover payments due hereunder, or to enforce any rights hereunder, or to recover possession of said chattels, the Purchaser agreeing that all claims or demands on his part against Seller shall be independent of any action or claim by assignee against the purchaser."

The seller assigned to appellant a recited unpaid balance of $467.50 and the lien securing it as provided in the contract. The written assignment was recited to be at Dallas, Texas, on June 26, 1948 (the same day the original contract bears date). Appellee made all payments to the seller as originally provided by the whole contract, the last payment being the one due October 26, 1948. The seller received such payments without protest or claim that it had previously assigned the indebtedness to appellant. Whether the seller retained the installment payments or transferred them to appellant does not appear unless it be the last one. This is stated because of the quoted provision in the instrument sued on to the effect that if it be assigned the seller shall not be deemed the agent of assignee.

The first mentioned instrument or part of the whole contract captioned "Sales Contract" provides that appellee is purchasing the machine for a total price of $650 (not $692.50 as stated in the instrument sued on), payable $225 in cash and "balance as per attached schedule of Conditional Sales Contract." This part of the whole contract provides, among other things, "Minit-Pop Corp. of Texas warrants the above machines to be free of defective material and faulty workmanship for a period of 365 days from the date of delivery on the first resale thereof. Should any defect appear within 265 days after date of purchase, we agreed to replace defective part free of charge or repair the machine if returned prepaid to our repair department at 3422 Kings Road, Dallas, Texas * * *" We note, however, that even though the quoted guaranty of the seller makes a difference of 100 days in the periods covered by the two phases of the guaranty, no rights are changed by it since the final failure of the machine to properly function and the seller's failure to repair it fell well within the shorter period. The same instrument from which we have quoted concludes with this language: "This agreement is simultaneously executed in three counterparts each of which shall be deemed to be an original, and such counterparts shall together constitute but one and the same agreement."

It is quite obvious to us that all three of the above instruments were executed simultaneously, each referring to the other, and must be taken together as constituting the whole contract between appellee and the seller. Appellant introduced in evidence the Conditional Sales Contract, the assignment by the seller of the unpaid installments therein provided for and the admissions of appellee under Rule 169, Texas Rules of Civil Procedure, in which she said she made installment payments to the seller (not appellant) up to and including the one due October 26, 1948 and has made none since; that she had been advised of the assignment but did not know the date; (she later recognized a letter addressed to her under date of August 4, 1948, advising her that the assignment had been made;) that appellant had demanded payment of the remaining installments. Appellant offered no further evidence.

Appellee proved without contradiction that the machine was placed in the store for about a week on approval before the sale was made and contract signed. Appellee testified over objection of appellant that the seller's agent told her prior to signing the contract that the seller would keep the machine in good repair for 365 days, that if it failed to operate satisfactorily it would put in one that would; that the machine was "fool-proof" and could be operated successfully by anyone; that the machine would pay for itself out of the money it took in. She said these statements by the agent induced her to sign the contract and she would not have signed it if he had not made them. She said the agent did not at-

tempt to prevent her reading the contract; that she did read the sales contract and the agent gave her other papers to sign and she signed them without reading, she was not prevented from reading them, but did so, supposing them to be copies. That she was furnished with copies and had never read them until the day before trial. She testified further as to the failure of the machine on several occasions and the seller's repairmen working on it.

Trial was to a jury on special issues; the verdict was (1) the seller guaranteed to keep the machine in good repair for 365 days; (2) that the machine was fool-proof; and (3) that if the machine did not give satisfaction seller would replace it with one that did. Subsequent answers found that appellee would not have signed the contract but for such representations by the agent of the seller; that the machine failed during the guaranty period and that neither the seller nor the appellant repaired or offered to repair it.

The court entered a short form judgment on the verdict, denying appellant a recovery "and that the instruments, contract and note sued upon be canceled," awarding to appellee her costs.

Appellant relies upon fifteen points of error, but with the view we take of the appeal they need not be discussed separately. Points one to seven inclusive complain of the court's refusing to sustain appellant's motion for an instructed verdict and its motion for judgment non obstante veredicto. It filed such motions but it does not appear from the record that either was ever called to the attention of the court and there was no ruling made on either. These points cannot be considered. Wheeler v. Wallace, Tex.Civ.App., 167 S.W.2d 1043; Daniel v. Fry, Tex.Civ.App., 195 S.W.2d 155, writ refused, n. r. e.; Greathouse v. Texas Public Utilities Corporation, Tex. Civ.App., 217 S.W.2d 190, writ refused, n. r. e.

Other points complain of a failure to sustain exceptions to parts of appellee's answer wherein she plead representations by the agent of the seller which were not embraced in the written contract, the admission of testimony in support thereof, and the submission of same to the jury and findings thereon. These are errors for which a reversal must be made.

In our opinion this case was based and tried upon an erroneous theory both by appellant and appellee. We hold that all three of the instruments executed on June 26, 1948 constituted the entire contract between the seller and buyer and that neither alone can be relied upon to the exclusion of the others. We hold that in the condition of the present record the contract should not be canceled under the specific allegations of fraud alleged by appellee. Whether or not the contract made by appellee was a profitable or expedient one is not controlling here; we cannot make contracts for parties; the appellee must be charged with the effect of the contract she made. The exceptions made to her allegations of fraud in statements made by the agent not supported by the contract should have been sustained; the court erred in not sustaining them, in admitting testimony to the jury in proof thereof over the objection of appellant and in submitting such issues of fact to the jury.

Upon the other hand, we conclude and so hold that the assignment by the seller to appellant of a part of the contract amounted to an alteration of the contractual obligation of appellee. This is especially true in view of the difference in the amount appellee promised to pay in the instrument sued on and the other part of the contract known as the sales contract, from which the instrument sued on had indisputably been severed. Whether or not such alteration materially affected the rights of appellee must be determined. All this in the face of the further provision in that part of the contract sued on that seller shall not be deemed the agent of any assignee, when the undisputed testimony of appellee is that she made all installment payments to the seller before she knew of the assignment to appellant made on the same day the contract was entered into.

Some authorities are to the effect that a material alteration of a contract or obligation renders it void. See 2 Tex.Jur.,

p. 693, sec. 3; 1 Tex.Jur., 10 year Supp., p. 289, sec. 3.

After a careful study of this entire record, the nature of the suit, the defenses interposed, and the uncontradicted testimony above pointed out, we have concluded that justice would be best served by a reversal and remand of the judgment for another trial. There may be amendments of pleadings and even new parties made with somewhat different relief sought upon another trial, and if it should so happen it would be improper for us at this time to speculate on the result of such new trial. Then too, the judgment before us makes no disposition of the vending machine. In a somewhat similar situation to the one before us a judgment was reversed and remanded because the mortgaged property was not disposed of by the court in his judgment. Wichita Farm Lighting Co. v. Moore, Tex. Civ.App., 46 .S.W.2d 383.

For the reasons stated the judgment of the trial court is reversed and the cause remanded. Reversed and remanded.