**FIRST PRIZE, Inc.**

v.

**FIREMAN'S FUND INS. CO. OF CALIFORNIA.**

No. 12715.

Court of Civil Appeals of Texas.

Galveston.

June 17, 1954.

Rehearing Denied July 8, 1954.

Raymond A. Cook and Hall E. Timanus, Houston (Andrews, Kurth, Campbell & Bradley, Houston, of counsel), for appellant.

Sidney Wright, Houston, for appellee.

GRAVES, Justice.

This suit was brought by the appellee against the appellant to recover on a promissory note for $6,143.51 dated May 29, 1951, executed by appellant, and payable to the order of Miller Wrapping & Sealing Machine Co., at Chicago, Illinois, sixty days after its date.

Such note was endorsed over to the appellee here by the original payee—Miller Wrapping & Sealing Machine Co.—after its recited maturity date.

The appellant here, in the trial court interposed the defense that the note was not enforceable because: (1) it was not supported by a consideration when originally executed; (2) alternatively, subsequent to its recited execution, there had occurred a failure of consideration for it; and (3) further, alternatively, the note had been originally conditionally delivered, with the

understanding by the original payee—Miller Wrapping & Sealing Machine Co.—that there would be no effective delivery of it until there had been a compliance with the condition precedent, to wit: the successful installation of the described machinery, which the company had agreed to sell to appellant and to install in its plant.

Following the trial before the court without a jury, it entered its judgment that appellee recover of and from the appellant the face value of the note to that date; hence this appeal by the latter.

In this Court appellant presents three points of error, substantially to this effect:

1. The note was not supported by any consideration when originally executed;

2. There had been no consideration, in that, subsequent to its execution, there was a failure of consideration; and

3. There had never been an effective delivery of the note, in that there was a condition precedent to the effective delivery of it.

None of these presentments, it is determined, should be sustained.

Appellant's brief and its supporting authorities and recited points of error seem to contend that the only issue involved upon this appeal was whether the note declared upon was supported by a consideration, or whether the condition precedent to the effective delivery of the note was met; whereas, in the appellee's view, the instruments described above, i. e., the sales contract, and its amendment, the described note, and the accompanying chattel mortgage securing it, were but parts of a single transaction, from which one of its elements could not be properly divorced from the others; further that all these instruments must be taken and considered together, and that when they are they make out that the note sued upon was a simple one for the purchase money of machinery and that it represented the exact balance due at the time of the suit under that contract.

■ The learned trial court adopted the appellee's view, which is thus stated, in its legal effect, in 6 Tex.Jur., page 644: "Contemporaneous Agreements.—In considering bills and notes as evidencing an agreement between the parties, application is made of the fundamental rule that other instruments executed at the same time, for the same purpose and in the course of the same transaction are to be construed therewith,—that is, all the papers are given the same effect as though they were in fact a single instrument." See also these additional authorities to the same effect: Bender & Landa v. Freidrich, 39 Tex. 276, page 277; Patterson v. Yellow Cab Mfg. Co., Tex.Civ.App., 298 S.W. 918; Producers Inv. Corp. v. Spears, Tex.Civ.App., 232 S.W.2d 761, at pages 763, 764.

Under the conclusions just recited, the appellant's authorities relied upon in support of its position that appellant is not liable upon this note because of the alleged failure of consideration there for it, such as Johnson v. Elmen, 94 Tex. 168, 59 S.W. 253, 52 L.R.A. 162; Thrift Packing Co. v. Royal Mfg. Co., Tex.Civ.App., 27 S.W.2d 255 (writ of error dismissed); Watson v. Rice, Tex.Civ.App., 166 S.W. 106 (writ of error refused); Williston on Contracts, Vol. II, Sec. 840, page 1608, text and also note 39; have no application to what the trial court found were the controlling facts in this controversy.

■ Finally, and stating it another way, it is clear that appellant's entire defense rests upon its contention that the note it so gave was not enforceable because the payee therein, the Miller Wrapping & Sealing Machine Co., failed to satisfactorily install the machinery for which it was given; whereas there is no controversion of the fact the trial court was bound to have found that the machinery had not only been originally delivered to the appellant but was in its plant awaiting installation at the time it was destroyed by fire. Wherefore, it is indisputable that the Miller Company complied with its obligations under the sales contract just as far as it had been possible

to do. Applicable authorities upon this question seem to be those holding that, in the absence of a contrary agreement, the risk of loss of goods must be borne by the party who has title thereto. Christian v. Moore, Tex.Civ.App., 252 S.W. 1116; Malone v. Dawson, 117 Tex. 377, 5 S.W.2d 965, 60 A.L.R. 665.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. The trial court's judgment will, therefore, be affirmed.

Affirmed.

HAMBLEN, C. J., dissenting.

HAMBLEN, Chief Justice.

I concur in the view expressed in the opinion of the Court and strongly urged by appellee to the effect that the note sued upon should be construed together with the original contract between appellant and appellee's predecessor in title to the note. But I differ with the holding that when so construed, the note is entitled to those presumptions, and is subject to the same rules of law which are applicable to the note standing alone.

Appellee's predecessor in title to the note sued on had contracted to manufacture, deliver, and install a packaging machine for an agreed price in excess of $10,000. Four thousand dollars of this amount had been paid by appellant prior to delivery, and the note represented the balance of the contract price. After delivery to appellant's plant, but before installation therein, the machine was partially destroyed by fire, thus preventing complete performance of the contract by the seller. The note was but a part of the entire contract between seller and buyer. That contract was executory by its very nature. Therefore, in order to bring suit upon the note, and recover judgment for its full amount, which represented the entire balance due upon such executory contract, it was incumbent upon appellee to prove compliance with that contract. Kel-

say Lumber Co. v. Crowell, Tex.Civ.App., 19 S.W.2d 368.

To apply any other rule to the facts of this case, works a manifest injustice. If the note is to be treated as an unconditional obligation, unconditionally delivered, then appellant is limited to his plea of want or failure of consideration. There is no doubt but that under a plea of failure of consideration, proof may be made of partial failure. Brantley v. Thomas, 22 Tex. 270, 271, 73 Am.Dec. 264. But it is also true that the burden would be upon appellant to prove, not only a partial failure of consideration, but the extent thereof. Willis v. Bullitt, 22 Tex. 330; Gutta Percha & Rubber Mfg. Co. v. City of Cleburne, 102 Tex. 36, 112 S.W. 1047. In this case the proof conclusively shows that a part of the consideration for which this note was given, consisted of the seller's agreement to install the packaging machine. There is evidence in the record showing that such installation comprehended a training period of several weeks during which the seller's representatives would instruct appellant's employees in the operation of the machine, thus indicating an expense of some substantial amount, no part of which was incurred or paid by the seller. Information as to the amount of that expense, and the proportion which it bears to the total contract price, is manifestly within the exclusive knowledge of the seller. It would not be possible for appellant to prove the facts necessary to sustain the defense of partial failure of consideration.

It is my view that in this suit appellee should not prevail for the reason that the note is part of an executory contract, and appellee has failed to prove performance of the original payee's obligations thereunder. Since such performance was made impossible through no fault of appellee's predecessor in title, it is undoubtedly entitled to maintain a proper suit upon the contract, wherein its rights thereunder can be determined, and all equities between the parties can be adjusted. In such suit there could also be determined the credit

to which appellant might be entitled resulting from the salvage value, if any, of the machine, which the record shows, was at the seller's request, returned to and received by it in its damaged condition. But the judgment as rendered for the full amount of the note, without the adjustment of those equities, appears to me to be unjust, and should be reversed.